## KIRTLAND *vs.* THE MAYOR & COUNCIL of Macon.

1. A writ of error based on the denial of an injunction to restrain the making of a deed, will not be dismissed on a suggestion of the defendant's counsel, supported by his affidavit, that the deed has been executed and delivered since the writ of error was brought.

2. If a bill has equity in it, the equity cannot be lost by the denial of an injunction *ad interim*.   An injunction properly moulded may still be granted on final decree.   Acts of the defendant done *pendente lite* cannot obstruct the court in decreeing appropriate relief in the end.   Such acts are at the peril of the defendant, and may be brought into the case by amendment to the bill, and their effects, so far as prejudicial to the complainant, may be canceled or compensated according to the requirements of sound equitable principles.

3. Whatever may be the rights of the respective parties on a final trial of this cause, the chancellor did not abuse his discretion in denying the *ad interim* injunction.

Practice in the Supreme Court.    Injunction.    *Lis pendens.*    Before Judge SIMMONS.    Bibb Superior Court. April Term, 1879.

Kirtland applied for an injunction against The Mayor, etc., of Macon to restrain the city from making a deed to Mrs. S. A. Strohecker, to a 40 feet encroachment on Spring street, with privilege to place buildings thereon. She alleged that the defendant had no right under its charter and ordinances to grant such permanent encroachment.    That the said grant would cause special damage to complainant property, which adjoined the the property of Mrs. Strohecker, to the amount of $300.00.    That when Mrs. Strohecker applied to the city council for said grant he appeared and resisted the same—that said council granted said encroachment over complainant's objections by a vote of five to four, and that at a succeeding meeting, when a reconsideration was moved, there were present ten aldermen and the mayor, and that on said reconsideration the vote stood five for reconsideration and five otherwise ; there being a tie the mayor cast his vote against the reconsideration.    Complainant avowed that such action was illegal by said defendant, as its charter required a three-fourths vote of all the members of council, and not a mere majority of votes of those present.

He alleged further that if Mrs. Strohecker should have the privilege of building houses on said encroachment, his property would be damaged in the market, his view and prospect would be restricted, and his insurance rates increased—that the mayor of the city was about to make the deed.    The defendant answered that it had but little interest in the matter; it had granted the encroachment as prayed for in the exercise of its discretion. Mrs. Strohecker had paid the amount asked for the encroachment, and defendant was ready to make a deed to the same as soon as this matter is settled.

Numerous affidavits *pro* and *con* were read.    Those for

complainant showed damage ; those for the defendant either no damage, or positive benefit by the proposed improvements. An insurance agent made affidavit to the fact that the rate of insurance on complainant's residence certainly would not be increased, and perhaps decreased.

The chancellor denied the injunction, and complainant excepted.

When the case was called in this court, counsel for defendant moved to dismiss the writ of error because the deed sought to be enjoined had been executed since the denial of the injunction, verifying the fact by his own affidavit. The motion was overruled.

WHITTLE & WHITTLE, for plaintiff in error, cited Charter of Macon, §46 ; Ordinances, §185, 170, 216 ; R. M. Charlton's R., 342 ; 12 *Ga.*, 239 ; 30 *Ib.*, 506 ; 33 *Ib.*, 601 ; 2 Dillon on Mun. Corp., §§516, 531, 533.

R. K. HINES ; HILL & HARRIS ; H. F. STROHECKER, for defendant, cited, on discretion, 20 *Ga.*, 350 ; 28 *Ib.*, 30 ; 42. *Ib.*, 124, 386 ; 47 *Ib.*, 530 ; 50 *Ib.*, 451. Complainant in no condition to complain, Code, §3084. Ordinance not require three-fourths vote, City Code, §§46, 180 ; acts of 1857, p. 182, construed with act of 1847. Encroachment authorized, act of 1857, p. 182 ; 2 Dil. Mun. Corp., §519 ; 42 *Ga.*, 631 ; 55 *Ib.*, 150 ; 50 *Ib.*, 451.

BLECKLEY, Justice.

1. The motion to dismiss the writ of error must be denied. The theory of the motion is, that there being no restraining order or other obstacle to the making of the deed and the deed having been lawfully made after the bill of exceptions was signed, the mischief sought to be prevented by the injunction prayed for has been accomplished, and, therefore, that a reversal of the judgment denying the injunction would be fruitless. This court knows nothing of

the making of the deed from the record before it, or from
the bill of exceptions.  The fact is verified alone by an
affidavit of the counsel for the defendant in error, and to
turn a case out of court upon a mere affidavit of the ad-
verse counsel, touching a matter in *pais*, would be a nov-
elty in practice.  The only case, so far as we are aware, in
which a writ of error has been dismissed for an act of one
of the parties, done after the bill of exceptions was signed, is
reported in 32 *Ga.*, 190, and there was more than an affidavit
in that case to verify the act; there was record evidence
from another court.  I will add, that, in my opinion, the
ruling in that case is open to grave criticism, so much so
that its range as a precedent should be confined to cases
strictly parallel.  The general rule is that a writ of error
looks to the state of things existing at the time the judg-
ment complained of was rendered, and that what may have
transpired since the writ was brought is of no consequence.
Exceptions there are, such as settlements or compromises,
etc., but the exceptions are not numerous.

2.  Injunction *ad interim* is a part of equity police.  It
is a device to keep the parties in order, and prevent one
from hurting the other whilst their respective rights are un-
der adjudication.  There is often a cry for the police when
there is no real danger.  The equity of a bill is not lost
because an injunction is denied, or because it is not applied
for before the final hearing.  Acts done *pendente lite* can-
not obstruct the court in granting an injunction properly
moulded, or in decreeing other appropriate relief, in the
end.  Such acts may be brought into the bill by amend-
ment (Code, §4181), and parties will commit them at their
peril.  A deed made pending the bill may be canceled by
the decree, or compensation in damages may be awarded.
Where there is no insolvency, irreparable injury is of rare
occurrence, and insolvency in the present case is not alleged.

3.  The injunction prayed for is simply to restrain the
municipal authorities from making a deed of conveyance.
Grant that the bill has equity, the injunction will be in

time when a final decree is rendered. If, in the meantime, a deed has been or should be made, it can be set aside and a perpetual injunction be granted against the execution of any conveyance in future. It follows that whatever may be the rights of the respective parties on a trial of the cause, there was no abuse of discretion in denying a temporary injunction.

Judgment affirmed.