The First National Bank of Americus *vs.* The Mayor, etc., of Americus.

---

THE FIRST NATIONAL BANK OF AMERICUS *vs.* THE MAYOR, etc., OF AMERICUS.

To recover taxes paid to a municipal corporation, it must appear that the tax was unauthorized; that the amount was actually received by the corporation; and that it was paid under compulsion, to prevent the immediate seizure or sale of plaintiff's goods, or arrest of his person. Voluntary payment, accompanied by protest, will not suffice.

(*a.*) The declaration in this case did not distinctly allege these requisites, and was demurrable.

Tax. Municipal Corporations. Actions. Before Judge CRISP. Sumter Superior Court. October Adjourned Term, 1880.

Reported in the decision.

B. P. HOLLIS, for plaintiff in error.

120    SUPREME COURT OF GEORGIA.

The First National Bank of Americus *vs.* The Mayor, etc., of Americus.

HAWKINS & HAWKINS, for defendants.

SPEER, Justice.

The First National Bank brought suit against the defendants, for the sum of sixteen hundred and thirty-nine dollars, besides interest, alleging that petitioner was organized as a national bank association, and under the laws of the United States, was empowered to carry on a general banking business in the city of Americus; that, from the year 1872 to the present, by virtue of the authority aforesaid, petitioner has been engaged in the banking business in said city; that petitioner is expressly exempted from the payment of any tax upon its business of banking, or upon its capital stock, except such tax as it is required to pay the government of the United States, as provided by section 5214 of the Revised Code of the United States. Further, petitioner alleges that, notwithstanding this exemption, the defendant wrongfully, and without any authority of law, has demanded of petitioner the sum of one hundred dollars per annum, as a license tax for carrying on the said business of banking in said city. Petitioner paid said tax under protest, and to avoid a seizure and sale of its property by said mayor and city council. Under this illegal assessment, it has paid the sums of one hundred dollars per annum from the year 1872 to 1877, inclusive, which was illegally extorted, as aforesaid, for carrying on said business, and which the congress of the United States had expressly licensed. Further, petitioner shows that, in the year 1874, while engaged in said business, under the authority aforesaid, defendant assessed a tax of one per cent. upon the capital stock of petitioner, making the sum of six hundred and thirty-nine dollars, which was illegal and void, as the same was not subject to taxation by said city. Petitioner protested against the payment of said sum, but to avoid a sale and seizure of its property by said mayor and council,

did pay the said sum, in the year 1874, and the sum of three hundred dollars for the year 1875. Since the year 1875, it has urged upon said defendants the justice and equity of returning said sums, thus illegally assessed, but they now refuse to pay the same ; wherefore, petitioner brings suit, etc.

To this declaration, defendants demurred, which demurrer was sustained by the court, and plaintiff's action dismissed ; wherefore plaintiff excepted, and assigns the same as error.

The question in this record, submitted for our consideration is, whether plaintiff has set forth a good and legal cause of action in his writ, and was there error in dismissing the same on demurrer.

To determine this question properly, it will be necessary to inquire under what allegations and proofs can a complaining party recover of the authorities an illegal tax that has been levied, and collected of the party complaining—that is, what must be alleged in the writ and what must be proved on trial, for it is well established as a rule of pleading that every thing must be alleged and proved that is essential to a recovery under the rules of law applicable to the cause on trial.

1. It is a well recognized rule, that a tax, voluntarily paid, even though illegally assessed by the taxing power, where there is no misplaced confidence, and no artifice, or deception, or fraudulent practice by the other party, cannot be recovered back. 50 *Ga.*, 304.

2. So, where there is no ignorance, or mistake of facts, if money is paid to a corporation levying under a claim of right, under an ignorance or mistake of law, the same is not recoverable.

Under none of these grounds does the plaintiff here seek to recover. There is no charge of ignorance of fact, or of misplaced confidence, artifice, or deception, or fraudulent practice alleged against the defendants in levying

and collecting this tax, and by reason of which it was paid by the plaintiff. There is only one ground alleged, or set forth, in plaintiff's writ, and this is made to apply to all of the taxes alleged to be illegally paid, and which are sought to be recovered. The petitioner alleges that "it protested against the payment of said sums, but, to *avoid the sale and seizure* of its property by said mayor and council, did pay the said sums," etc.

Duress or coercion is here *shadowed* forth as the impelling or moving power of this payment now sought to be recovered. But do the facts or causes alleged constitute either coercion or duress? It is well settled that money paid under protest merely does not make the payment a compulsory one. 13 Gray (Mass.), 476.

Mr. Dillon, in his work on Corporations, lays down clearly and intelligently the rule. He says: "The coercion or duress which will render a payment involuntary, must in general consist of some *actual* or *threatened* exercise of power possessed, or believed to be possessed, by the party exacting or receiving the payment over the person or property of another, from which the latter has *no other means of immediate relief* than by making payment." 2 Dillon, §943 (3d edition); Radick *vs.* Hudson, 95 U. S., 210; 4 Gill, 425; 18 Cal., 256; 1 Ohio, St., 268.

Tested by this rule, are there any allegations of facts in this writ that show "there was some *actual* or *threatened exercise* of *power*, by the party exacting or receiving the payment, over the *person or property of plaintiff*, from which he had no other immediate means of relief?" We see none. The writ must be construed most strongly against the pleader. The presumption is, he put his cause on record as favorably to himself as the truth of the case would warrant, and all he sets up by way of compulsion to justify or excuse the payment was, he did so "under protest, and to avoid a sale and seizure of his property."

Three elements are essential, and must concur, to

sustain an action to recover back money on the ground of the illegality of the tax:

First.   The authority to levy the tax must be *wholly wanting*.

Second.   The money sued for must have been *actually received* by the defendant corporation.

Third.   The payment of the plaintiff must have been made upon *compulsion*, to prevent the *immediate seizure of his goods* or the *arrest of his person*, and not voluntarily made.

Unless these conditions concur, paying under protest will not give a right to recovery.   Dillon on Mun. Corporations, §940.

There being no statutory right regulating this action in our state, we are remitted to the common law rule of force, and this is well and succinctly stated by the supreme court of the United States in two recent cases where actions were brought to recover back illegal taxes.   Lamborn *vs.* Dickinson & Co., 97 U. S., 181 (1877); Union Pacific R. R. *vs.* Dodge County, 98 U. S., 541 (1878).   In these recent cases that court lays down the following rule:

" Where a party pays an illegal demand, with full knowledge of all the facts which render such demand illegal, without an *immediate and urgent necessity therefor*, or unless to *release* (not to avoid) his person or property from detention, *or to prevent an immediate seizure* of his person or property, such payment *must be deemed voluntary*, and cannot be recovered back.   And the fact that the party, at the time of making the payment, files a written protest, does not make the payment involuntary."   2 Dillon, 947.

This rule was also fully recognized in a decision of this court in a recent case, at September term, 1880, not yet published, of the *Mayor of Savannah vs. Feeley*, which was a much stronger case than the one at bar.

Tested by this rule of liability, and we think it the correct one, the case, as set forth in plaintiff's declaration, falls far short of its requirements.   But it is insisted that

v 68—9

a more liberal ruling by this court, in favor of a recovery in such a case, was made in 48 *Ga.*, 309. In that case the court laid down the rule, *generally*, that a tax levied without authority of law may be recovered, but the case did not decide that a *voluntary* payment could be recovered under such circumstances, nor that a recovery could be had unless the payment was compulsory.

Public policy does not favor the institution of such suits. The complainant had his legal right to resist illegal taxes when levied, and when he acquiesces and knowingly pays an illegal assessment, and the sums raised are disbursed for the public good, of which he is one of the recipients, courts will not regard with favor a complaint that might have been prevented by the exercise of that diligence that the law favors. He must bring himself within the *strict rule* the law has fixed, that entitles him to recover; otherwise he must abide the consequences of his own default and negligence.

Let the judgment of the court below be affirmed.