### EVERETT v. TABOR et al.

A defendant in an equitable cause, wherein specific equitable relief is prayed because of his alleged fraud, can not by the consummation of the fraud pending the suit, whereby the particular relief prayed can not be decreed, deprive the court of its jurisdiction of the case; but the court will give such other relief as may be appropriate to the changed status.

Submitted July 18, — Decided December 13, 1906.

Action for damages.    Before Judge Gober.    Gilmer superior court.    May 17, 1905.

*N. A. Morris* and *A. N. Edwards,* for plaintiff.

*D. W. Blair,* for defendants.

EVANS, J.    Everett filed an equitable petition against Tabor and Hipp, a constable, wherein he alleged that Tabor sued him in a justice's court and obtained a judgment, that Tabor fraudulently prevented him from entering an appeal to a jury in that court, and subsequently caused an execution to be issued and levied upon his property.    The prayers of the petition were for process, injunction, and general relief.    On the interlocutory hearing the court refused a temporary injunction, and this judgment was affirmed on writ of error to the Supreme Court.    See *Everett* v. *Tabor,* 119 *Ga.* 128, wherein the allegations of the plaintiff's petition are fully set out.    Afterwards the plaintiff offered to amend his petition as follows:    After the decision of the trial court was affirmed, "the defendants proceeded to advertise for sale the prop-

erty of plaintiff, described in said petition, to satisfy the fi. fas. therein described. This was being done and the sale of the property would have occurred before the final hearing could be had on said case. To prevent this sale of petitioner's property, on the 7th day of January, 1904, petitioner paid off said fi. fas., which amounted to $162.68;" and therefore petitioner "claims that by reason of the above-stated facts and the facts alleged in his original petition, . . Tabor has injured and damaged petitioner in the sum of $162.68, with 7% interest on the same from January 4th, 1904. Wherefore, in lieu of the prayer for injunction, as prayed for in the original petition, petitioner now prays that he recover as damages against defendant, T. H. Tabor, said sum of $162.68, besides interest." The amendment was allowed and ordered filed; whereupon Tabor orally demurred to the petition as amended, on the grounds that no cause of action was set out, and that the original petition could not by amendment ·be changed from a suit for injunction into an action for damages. The court sustained the demurrer, and the plaintiff excepted.

The original petition was for relief against the enforcement of a judgment which had been regularly rendered against the losing party, who had a meritorious defense but was prevented by the fraud of the other party from entering an appeal. If the allegations therein were true, the petitioner was entitled to the relief prayed. *Everett* v. *Tabor,* supra. So the real question for determination now is, did the amendment introduce a different cause ·of action from that alleged in the original petition? The amendment set up facts transpiring after the filing of the suit, and was in the nature of a supplemental bill. It appears from the amendment that the plaintiff can not now be afforded the relief of injunction, since the executions have been paid. The amendment discloses that payment of the executions was not made voluntarily, but in order to release the plaintiff's property from seizure under the executions, and to prevent its sale by the constable. Civil Code, § 3723; *First National Bank* v. *Americus, 68 Ga.* 123. Under the English equity practice, matters transpiring after the filing of a bill in equity were available by way of a supplemental bill; under our procedure, no supplemental petition need be filed, but all such matters may be set up by way of amendment. Civil Code, § 4969. It is well settled that if, upon the final hearing

of a petition for injunction, it appears that the equitable relief prayed for can not be granted, because of a change in the status, brought about since the filing of the action, the plaintiff may be awarded damages in lieu of the equitable relief sought. Under our system of pleading, which allows a joinder of equitable and legal causes in the same action, a plaintiff may abandon his equitable cause and insist on his purely legal remedy. In such a case, where he elects to recover damages, ordinarily he is limited to the damages flowing from acts committed prior to the suit, and can not by amendment bring into the case occurrences subsequent to the suit as a basis for damages. This general rule is not applicable to a cause of action purely equitable in its nature, where the damages claimed from happenings subsequent to the filing of the petition can not be recovered independently of the original equity in the petition, and which are dependent upon and consequential from such equity. The suitor will not be cast out of a court of equity by conduct of the defendant subsequent to the filing of the suit which renders it impossible to grant the relief originally prayed, but in an appropriate case the court will decree damages resulting from such conduct which can not be recovered independently of the facts pleaded in the original suit. *Ivey* v. *R. Co.,* 84 *Ga.* 536; *Illges* v. *Dexter,* 73 *Ga.* 362. When the defendant Tabor was successful in defeating the grant of a temporary injunction, he had his election to either press his executions to sale or to await the final determination of the controversy between himself and the plaintiff. If the plaintiff had been unable or had refused to pay the executions and a sale of his property was had thereunder, he would still have been entitled to press his case before a jury; and if he succeeded in establishing the fraud as alleged, he could have recovered such damages as resulted from the consummation of the fraud in subjecting his property to seizure and sale. The enforced payment of the executions by the plaintiff fixed the measure of his damages, in the event he established his right to prevail in the pending suit. This view is borne out by what is said by McCay, J., in *Sharpe* v. *Kennedy,* 51 *Ga.* 263. The matters set up in the amendment were germane to the cause of action alleged in the original petition, and the court erred in dismissing the action.

*Judgment reversed. All the Justices concur.*