## ARMOUR & COMPANY *v.* BLOCK.

1. Under the allegations in the petition, there was no error in refusing to dismiss it on general demurrer.

2. Where one succeeding to the rights of a lessor filed an equitable petition against one who succeeded to the position of the original lessee, praying for an injunction to restrain the latter from removing certain fixtures from the premises, and the restraining order first granted was rescinded upon the defendant's giving a bond to pay such damages as it might be found the plaintiff suffered by reason of the removal of such things from the premises, if it should be found that the removal was illegal, the giving of such a bond, or the removal of the property, would not furnish cause for dismissing the case. If damages covered by the order and bond should be established at the trial, they could be recovered under the prayer for general relief.

NOVEMBER 12, 1915.

Equitable petition. Before Judge Mathews. Bibb superior court. December 5, 1914.

Isaac Block brought a petition against Armour & Company, alleging, among other things, as follows: On April 15, 1909, the Massee-Felton Lumber Company leased to the National Packing Company a lot in the city of Macon for a term of five years, with the privilege of renewal. By the terms of the written contract the lessor agreed to immediately commence, and complete as

soon as possible, a two-story brick building upon the lot, having certain dimensions, with a stable in the rear, and to construct a fence around the rear portion of the premises. "The two-story brick building shall have constructed therein by lessor a cold-storage room about nineteen (19) feet square, with one door in same, a hand-power elevator, an office about nineteen (19) feet square partitioned off from floor to ceiling in the front part of the building, two toilet-rooms and wash-sink and staircase, all in such location and in a manner convenient and satisfactory to lessee's representative. . . It is mutually agreed that any fixtures, additions, or improvements made, added to or installed in said demised premises by lessee during its occupancy thereof, shall be and remain its property, and it shall have the right to remove same at any time, provided any damage occasioned by such removal shall be repaired by the lessee at its expense." The plaintiff has become the successor of the lessor through regular assignments, and has also become the owner of the leased premises. Armour & Company succeeded to the National Packing Company, the original lessee, by assignment of the lease. The lessor complied fully with all obligations and conditions imposed upon it by the contract. The 13th, 14th, 15th, and 19th paragraphs of the petition were:

"13. That the occupancy of said demised premises and the term thereof on the part of the said National Packing Company, lessee, commenced on the first day of December, 1909, after all of said building, including the work enumerated in said specifications, was completed, and upon the completion aforesaid the same was accepted by said lessee in said lease in accordance with the conditions therein named.

"14. That during the course of construction of said building, etc., described in said lease, and before the completion, acceptance, and occupancy of the same on the part of the lessee named therein, a certain cooling-room, smoke-room, elevator, refrigerator, cold-storage ice-boxes with insulation and other fixtures, not being trade fixtures but attached to and forming a part of the realty, were constructed as part of the said demised premises.

"15. That the main building and the realty thereof now consist of the above-named parts and parcels and articles in addition to other parts and parcels going to make up the whole of the said demised premises, and that none of the above-described parts as

set forth in paragraph fourteen herein or any other part or parts or additions or fixtures now located upon or forming a part of said demised premises were erected or have been installed or added to the said building described in said lease since the date of the occupancy of the same in accordance with said lease either on the part of the National Packing Company or the said Armour & Company, the latter now in possession of the said demised premises.

"19. That your petitioner has been informed by the present manager of the said Armour & Company, which is now the assignee of the National Packing Company under said lease, that the said Armour & Company contemplate destroying and are in fact making arrangements to destroy or tear down or remove from said demised premises the said cooling-room, smoke-room, elevator, cold-storage ice-boxes with their insulation and other parts of the said building and parts of the realty, none of which are trade fixtures and all of which were placed, built, constructed and erected before the completion, acceptance, and occupancy of said demised premises by said National Packing Company, lessee and transferor, and said Armour & Company transferees."

The prayers were for injunction, process, and general relief. The court granted a rule nisi and temporary restraining order. Subsequently an order was granted rescinding the restraining order, provided Armour & Company would execute and file a bond conditioned to pay to the plaintiff whatever amount might be found, upon the final trial, to be the damages suffered by him by reason of the removal from the rented premises of the property described in the petition and alleged to be fixtures and parts of the premises, and such other property and fixtures as were claimed by the defendant, provided it should be found upon the trial that such fixtures and property had been illegally removed. The bond was given by the defendant.

The defendant filed a general demurrer to the petition, which was overruled, and it excepted.

*Miller & Jones,* for plaintiff in error.

*Robert W. Barnes* and *John R. L. Smith,* contra.

LUMPKIN, J. (After stating the foregoing facts.)

1. It is unnecessary to discuss the general rules of law touching trade fixtures and the right of a tenant to remove them during his

term. The allegations of the petition are to be taken as true on demurrer. The written lease is attached thereto as an exhibit. By its terms it was agreed that "any fixtures, additions, or improvements made, added to or installed in said demised premises by lessee during its occupancy thereof, shall be and remain its property, and it shall have the right to remove same at any time." The petition alleged that during the course of the construction of the building, and before its completion and acceptance and the occupancy thereof by the lessee, the cooling-room, smoke-room, elevator, refrigerator, ice-boxes and other fixtures, "not being trade fixtures but attached to and forming a part of the realty, were constructed as part of the said demised premises," and that none of them were constructed, installed, or added to the building since the date of the occupancy of the lessee or its successor, the defendant. Under the terms of this written lease and the allegations of the petition, it can not be declared on general demurrer that the defendant had the right to remove from the premises the things mentioned, and that the plaintiff had no cause of action against it, if the defendant was undertaking to make such removal.

2. It was contended that, after the action of the court in allowing a bond to be given and permitting the defendant to proceed with the removal of the fixtures, the plaintiff's recourse was to seek to obtain a judgment for damages against the principal and surety on the bond, and that there was no specific allegation as to the damage suffered and the amount thereof, or prayer for judgment for the damages sustained. After the giving of such a bond and the removal of the fixtures in controversy, if damages were established at the trial, they could be recovered under the prayer for general relief. *Ivey* v. *Georgia So. & Fla. R. Co.*, 84 *Ga.* 536 (11 S. E. 128) ; *Everett* v. *Tabor*, 127 *Ga.* 103 (56 S. E. 123, 119 Am. St. R. 324).

*Judgment affirmed. All the Justices concur, except Beck, J., absent.*