POWERS *v.* CENTRAL OF GEORGIA RAILWAY COMPANY.

FISH, C. J.   The Central of Georgia Railway Company, in 1909, leased to the Tennessee Mill Company a portion of a building called "the old compress shed" for the term of one year, "terminable thereafter" on thirty-days notice to the lessee. Among the covenants of the lessee were the following: "Third. That the tenant does not now nor will he set up title to said property against the company, its successors or assigns, but will hold the same only as a tenant at will, subject to notice hereafter specified. Fourth. That the tenant covenants and agrees, in consideration of the permission and license aforesaid, to surrender said premises to the company, its successors or assigns, and remove all obstructions, buildings, or improvements therefrom, upon receiving thirty days' notice from the company, its successors or assigns; said notice may be given to any person in possession of the premises. Fifth. That in case of a failure to deliver said possession and remove said obstructions, the company, its successors or assigns, shall have the right, upon the expiration of the period above named, or at any time thereafter, to enter upon and take possession of the premises; and all buildings, improvements, structures, and personal property then remaining thereon shall be and become the absolute property of the company, without any accountability to the tenant or any other person. . . Eighth. If the tenant shall fail or refuse to surrender the premises to the company upon the expiration of the notice stated in paragraph fourth, the tenant shall thereafter be liable, and agree to pay the company, for rent of said premises at the rate of fifteen dollars per month until the com-

pany shall resume or retake possession of the premises under the provisions of this agreement." The lessee repaired the structure, in the course of which certain lumber, roofing, and other material were used, which added substantially to the value of the building. In 1911 the lessee sublet the property to Barfield, who thereupon entered with the railway company into a lease contract which contained all the covenants of the Tennessee Mill Company's contract. Barfield added other substantial repairs to the building. In 1915 the railway company gave Barfield the notice to quit. Thereupon he sold the building to Powers, who proceeded to tear it down for the purpose of selling the material of which it was composed. The railway company sought to enjoin Powers from demolishing the structure and taking away the material. Powers set up a right to the building under his contract of purchase from Barfield, and under Barfield's contracts with the Tennessee Mill Company and the railway company, and particularly clauses four and five thereof. After a temporary injunction was denied, Powers finished tearing down the building, and sold the lumber and other material of which it was composed. The railway company filed an amendment to its petition, itemizing the lumber and other material originally in the building as it stood before the lease to the Tennessee Mill Company, and which Powers had removed, and prayed for a judgment for the market value thereof. *Held:*

1. It was not error to overrule a demurrer to the amendment on the grounds: (*a*) that it sets forth a new and distinct cause of action; (*b*) that the cause of action set out in the amendment accrued after the filing of the original petition; (*c*) that the amendment fails to set out the time when the lumber was alleged to have been carried away; (*d*) that the amendment fails to allege a demand by the plaintiff upon the defendant for possession of the property and refusal of the defendant to comply. Civil Code, § 5547; *Armour* v. *Block,* 144 *Ga.* 295 (87 S. E. 18).

2. Under the terms of the contract, the lessees did not acquire title to the structure as it existed at the time of the lease to the Tennessee Mill Company, nor any right to the material of which it was then composed; and, under the evidence submitted at the trial, there was no error in directing a verdict for the plaintiff, leaving the amount of it for determination by the jury.

3. The evidence authorized the verdict for the amount found for the plaintiff, and none of the grounds of the motion for a new trial show cause for a reversal.

*Judgment affirmed. All the Justices concur.*

No. 576. AUGUST 15, 1918.

Equitable petition. Before Judge Mathews. Bibb superior court. July 23, 1917.

*T. S. Felder,* for plaintiff in error. *Jordan & Lane,* contra.