## BURELL v. PIRKLE et al.

1. A defendant in an equitable cause, wherein injunction is prayed, and also a judgment for damages because of a partial and threatened complete ouster of the plaintiff, who has rented certain houses and lands from the defendant, can not, pending such equitable suit, oust the plaintiff from the premises and thereby deprive the court of its jurisdiction of the case; but the court will retain jurisdiction and give such other relief as may be appropriate to the changed status of the case.

2. The amendment to the original petition is not demurrable on the ground that it sets up a new cause of action.

3. The court erred in sustaining the demurrer to the petition as amended, and in dismissing the case.

### No. 3400. SEPTEMBER 14, 1923.

Equitable petition. Before Judge J. B. Jones. Hall superior court. July 18, 1922.

J. L. Burell brought a petition against Jake Pirkle, Senior, and Dempsey Pirkle, and alleged in substance the following: The plaintiff made a contract with Jake Pirkle, to rent a one-horse farm for the year 1920, and a three-room dwelling-house with all the outbuildings thereon, and about fifteen or twenty acres of land to cultivate. Under the terms of the contract plaintiff was to pay Jake Pirkle one third of the corn grown and one fourth of the cotton, and Pirkle was to make certain improvements on the house. In pursuance of the contract plaintiff went into possession of the house and the premises rented, and is now living in the house. Dempsey Pirkle is threatening to move into the house " on petitioner," and threatening to dispossess him and has already put some of his property in some of the outbuildings on the premises, and has locked them up and deprived the plaintiff of the use of the outbuildings, and is threatening to move into the three-room house rented by the plaintiff from Jake Pirkle, and to break the locks on the doors and to take possession, notwithstanding plaintiff has rented and is now occupying the house as his home. Dempsey Pirkle, knowing that plaintiff has a contract with Jake Pirkle as before set forth, claims to have rented the premises from Jake Pirkle; and plaintiff is informed and believes that Jake Pirkle is conniving with Dempsey Pirkle to dispossess the plaintiff from the premises without any lawful right or authority. Plaintiff has not violated the terms of his agreement with Jake Pirkle, and he went into possession of the property in good faith. Desirable farms in the locality where he resides have already been rented, and he can not now obtain a place on which to move; and if dispossessed by defendants or either of them, he will be out of a home and will suffer irreparable damages which will be difficult to estimate, and he will be put to great trouble and expense in protecting his rights growing out of the contract, Dempsey Pirkle being insolvent, or having such a small amount of property that he could not be made to answer in damages for his part of such wrong. Plaintiff is remediless according to the strict rules of common law, and for the purpose of protecting his rights it is neces-

sary for a court of equity to intervene and grant relief by injunction, and settle the rights of plaintiff in one proceeding, and avoid a multiplicity of suits. He prays that the court enjoin each of the defendants from in any way interfering with his possession of the rented property; that they be restrained from moving any property on the rented premises, and from using them for storing property; and that judgment be rendered for such damages as may be caused him by the wrongful acts of the defendants.

The court granted a temporary restraining order, pending which the plaintiff amended his petition by alleging that since the filing thereof the defendants have wrongfully and without cause ejected him from the premises described, have forced him to move therefrom, have taken possession of the premises, and have denied to him the right to cultivate the land described for the year 1920 or to live in the house which he contracted to occupy. On account of being deprived of the premises and being denied the right to cultivate the land during the year 1920, the plaintiff has been forced to take other lands less valuable, and to occupy them, and to remove from the premises rented from the defendants, at an expense to him of $15, and has been injured and damaged by the wrongful acts of defendants to the amount of $200. By reason of such wrongful acts the court could not now by an injunction afford relief, to the plaintiff against the wrongs complained of. It was too late, when he was dispossessed, to obtain a desirable place to cultivate, and the place he did obtain yielded only two and one half bales of cotton and about thirty bushels of corn; whereas the land rented by him from Pirkle would have yielded four bales of cotton and seventy-five bushels of corn, the difference in value being $200 or other large sum, to which extent the plaintiff has been damaged, for which damages he prays judgment. The defendants filed a demurrer to the petition as amended, on the grounds, that it set forth no cause of action, that there is no equity in the bill, and that the plaintiff has an adequate remedy at law; specially to paragraph two of the petition, upon the ground that it does not show the date of the alleged contract, or whether the same was in writing or rested in parol. The court sustained the demurrer and dismissed the suit. To this judgment the plaintiff excepted.

*A. C. Wheeler,* for plaintiff. *W. B. Sloan,* for defendants.

HILL, J. (After stating the foregoing facts.) We are of the opinion that this case falls within the ruling in *Everett* v. *Tabor,* 127 *Ga.* 103 (56 S. E. 123, 119 Am. St. R. 324). It was there held: "A defendant in an equitable cause, wherein specific equitable relief is prayed because of his alleged fraud, can not by the consummation of the fraud pending suit, whereby the particular relief prayed can not be decreed, deprive the court of its jurisdiction of the case; but the court will give such other relief as may be appropriate to the changed status." In delivering the opinion of the court, which was by a full bench of six Justices, Mr. Justice Evans, said: "The original petition was for relief against the enforcement of a judgment which had been regularly rendered against the losing party, who had a meritorious defense but was prevented by the fraud of the other party from entering an appeal. If the allegations therein were true, the petitioner was entitled to the relief prayed. *Everett* v. *Tabor,* [119 *Ga.* 128, 46 S. E. 72], supra. So the real question for determination now is, did the amendment introduce a different cause of action from that alleged in the original petition? The amendment set up facts transpiring after the filing of the suit, and was in the nature of a supplemental bill. It appears from the amendment that the plaintiff can not now be afforded the relief of injunction, since the executions have been paid. The amendment discloses that payment of the executions was not made voluntarily, but in order to release the plaintiff's property from seizure under the executions, and to prevent its sale by the constable. Civil Code, § 3723; *First National Bank* v. *Americus,* 68 *Ga.* 119, 123 [45 Am. R. 476]. Under the English equity practice, matters transpiring after the filing of a bill in equity were available by way of a supplemental bill; under our procedure, no supplemental petition need be filed, but all such matters may be set up by way of amendment. Civil Code, § 4969. It is well settled that if, upon the final hearing of a petition for injunction, it appears that the equitable relief prayed for can not be granted, because of a change in the status, brought about since the filing of the action, the plaintiff may be awarded damages in lieu of the equitable relief sought. Under our system of pleading, which allows a joinder of equitable and legal causes in the same action, a plaintiff may abandon his equitable cause and insist on his purely legal remedy. In such a case, where he elects to recover

26

damages, ordinarily he is limited to the damages flowing from acts committed prior to the suit, and can not by amendment bring into the case occurrences subsequent to the suit as a basis for damages. This general rule is not applicable to a cause of action purely equitable in its nature, where the damages claimed from happenings subsequent to the filing of the petition can not be recovered independently of the original equity in the petition, and which are dependent upon and consequential from such equity. The suitor will not be cast out of a court of equity by conduct of the defendant subsequent to the filing of the suit which renders it impossible to grant the relief originally prayed; but in an appropriate case the court will decree damages resulting from such conduct which can not be recovered independently of the facts pleaded in the original suit. *Ivey* v. *R. Co.*, 84 *Ga.* 536 [11 S. E. 128]; *Illges* v. *Dexter*, 73 *Ga.* 362. When the defendant Tabor was successful in defeating the grant of a temporary injunction, he had his election to either press his executions to sale or to await the final determination of the controversy between himself and the plaintiff. If the plaintiff had been unable or had refused to pay the executions and a sale of his property was had thereunder, he would still have been entitled to press his case before a jury; and if he succeeded in establishing the fraud as alleged, he could have recovered such damages as resulted from the consummation of the fraud in subjecting his property to seizure and sale. The enforced payment of the executions by the plaintiff fixed the measure of his damages, in the event he established his right to prevail in the pending suit. This view is borne out by what is said by McCay, J., in *Sharpe* v. *Kennedy*, 51 *Ga.* 263. The matters set up in the amendment were germane to the cause of action alleged in the original petition, and the court erred in dismissing the action."

In the instant case the plaintiff in his original petition alleged that he had rented the farm described in the petition from one of the defendants for the year 1920, and that the other defendant had threatened to move into the dwelling-house occupied by the plaintiff under the rent contract, and to break the locks on the doors of the residence for that purpose, if necessary. He also moved some of his goods into the outbuildings on the premises, which it was alleged in the petition the plaintiff was entitled to the possession and use of. He prayed for injunction against this alleged ouster,

and for damages which he had sustained. As against a general demurrer we are of the opinion that the allegations set out in the original petition and the prayer for relief were sufficient. There was no special demurrer to the allegation for damages in the original petition. The plaintiff amended his petition by alleging that the defendants did oust him from his possession, and that in consequence he suffered damages as alleged in the amendment. No question was raised of the court's jurisdiction of the cause of action as set out in the original petition; and we are of the opinion that the defendants could not, by their own act in wrongfully ousting the plaintiff from possession of the rented premises, deprive the court of its jurisdiction of the case, but the court having original jurisdiction will retain it and give such other relief to the plaintiff as may be appropriate to the changed status. The amendment to the petition is not demurrable on the ground that it sets up a new cause of action. The facts as alleged in the petition must, on demurrer, be taken as true; and so taking them the petition as amended sets forth a cause of action, and the trial court erred in dismissing it on demurrer.

*Judgment reversed. All the Justices concur.*