TAYLOR *v.* JUSTICE *et al.,* commissioners.
TAYLOR *v.* WRIGHT, treasurer.

Nos. 6982, 6983. MAY 14, 1929.

*E. S. Taylor* and *Graham Wright,* for plaintiffs.

*J. M. Bellah, Wesley Shropshire, Rosser & Shaw,* and *Maddox, Matthews & Owens,* for defendants.

GILBERT, J. John D. Taylor et al. filed petitions alleging that the county commissioners of Chattooga County had levied, for the year 1928, excessive and illegal amounts of taxes for specified purposes, and were applying such amounts in excess of the legal limits to other and different purposes than those designated in the levy. The two petitions prayed that the board of commissioners of roads and revenues "be enjoined and restrained from incurring any further indebtedness of any kind or character whatever against said Chattooga County for the year 1928 and during said year, and be enjoined and restrained from issuing any further orders or warrants upon the county treasurer of said county for expenditures already incurred or contracts made during the year 1928, and be further enjoined and restrained from levying or attempting to levy and enforce and collect the aforesaid levy of $16,470.47 for bridge purposes within said county, and be further enjoined and restrained from diverting or changing the amount heretofore levied for road purposes to the chaingang, and diverting the same from the use of the said several road districts of said county to which it should be apportioned as required by law," and that "said Wiley Wright, as

treasurer of said county, be both temporarily and permanently enjoined and restrained from paying any of the warrants issued, as set forth in the foregoing petition, in excess of the amount of $18,-893.31, and that both said treasurer and his successor in office be both temporarily and permanently so enjoined and restrained; that this court, by proper judgment and decree, determine which of the warrants as listed in Exhibit 'B' are legal and should be paid and are entitled to payment from the taxes levied for the year 1928, and which of said warrants are illegal and void as constituting a debt against the said Chattooga County for the year 1928, and that the payment of said warrants so adjudged illegal be temporarily and permanently enjoined upon the part of the treasurer of said county." There were demurrers to the petitions, but the court did not consider them other than in denying the prayer for interlocutory injunction. To this judgment the petitioners excepted. When the cases were argued in this court on April 15, 1929, the defendants moved in writing to dismiss the writs of error, on the ground that as to the injunction the question was moot, as it had to do with obligations, levies, and doings in 1928, which was past; and that since the trial judge did not grant an interlocutory injunction, the things sought to be enjoined had already been performed before the case reached this court. Movants filed an affidavit of the clerk of the county commissioners, to the effect that the minutes of said commissioners for January, 1929, showed that the commissioners had borrowed the sum of $12,000 from a local bank on 90 days time, and had issued its warrant to said bank thereon for $218.75. The plaintiff, responding to the motion, argued that the appeal was to test the validity of an attack upon the constitutionality of tax levies, and, regardless of refusal of an injunction, that there was no other way to have such question adjudicated; and further that it had not been made to appear that all the taxes levied for the purposes here involved had been paid, and that whether it was error to refuse injunction was still matter for determination.

The writs of error are dismissed on the ground that the sole question raised by the exceptions, that is, whether the court erred in refusing to grant an interlocutory injunction, is moot. *Henderson v. Hoppe,* 103 *Ga.* 684 (30 S. E. 653) ; compare *Tuells v. Torras,* 113 *Ga.* 691 (39 S. E. 455).

*Writs of error dismissed. All the Justices concur.*