34761. TOMPKINS *v.* ATLANTIC COAST LINE R. CO. *et al.*

DECIDED NOVEMBER 20, 1953.

*J. Neely Peacock, Jr., Geo. L. Sabados,* for plaintiff in error.

*Peacock, Perry & Kelley, J. N. Walters, B. H. Chappell, W. H. Burt, Leonard Farkas,* contra.

SUTTON, C. J. ■ Atlantic Coast Line Railroad Company contends, in support of its general demurrer to the amended petition, that the alleged conveyance to Albany & Brunswick Railroad Company conveyed to it the fee-simple title to the property described, subject to divestiture; and that the plaintiff is not alleged to be in possession of any part of the property described in the conveyance. These contentions are without merit. The instrument conveyed "in fee simple unto the Brunswick & Albany Railroad Company . . . and to their successors and assigns the right and title to run and build their railroad through" a certain tract of land, and this clause shows no intention of the grantor to convey the land itself, but rather shows an intention to convey the particular kind of an easement known as a railroad right-of-way.

The habendum clause of the instrument refers to the "way for their track 100 feet in width on each side of said track, with all the timber, earth and rock within said space," and it is argued that this shows an intention to convey the land itself. But the conveyance to a railroad of the right to construct and operate its road is ordinarily construed to give the railroad the right to use and to take from the described area of the easement earth, stone, and timber necessary for the construction of the roadbed and the free operation of its trains thereon. 44 Am. Jur. 355, Railroads, §§ 141, 142. Thus, the habendum clause refers to no greater interest than does the granting clause of the instrument; and, even if it did, it is the rule of construction that the granting clause prevails where inconsistent with the habendum clause.

The words "in fee simple" are descriptive of the extent of duration of the enjoyment of the easement conveyed (*Atlanta, B. & A. Ry. Co. v. Coffee County,* 152 *Ga.* 432, 110 S. E. 214; *Ga. & Fla. Ry. Co. v. Swain,* 145 *Ga.* 817, 90 S. E. 44), as is the provision for a reversion upon abandonment of the railroad.

Construction of an instrument similar to the one here involved was made in *Atlantic Coast Line R. Co. v. Sweat,* 177 *Ga.* 698 (171 S. E. 123), the question there being whether or not the instrument created a conditional limitation upon such interest

as was conveyed, and it was said in that case, at page 710, that the language used "was the equivalent of a statement that the grantees and its successors would have the *right to use the strip of land for a right of way* so long as 'they maintained and used said road,' but no longer." (Emphasis added.) Cases setting out the principles of construction here applied, but dealing with conveyances of easements in terms different from the one here involved, are *Louisville & N. R. Co.* v. *Maxey*, 139 *Ga.* 541 (77 S. E. 801); *Byrd* v. *Goodman*, 195 *Ga.* 621 (25 S. E. 2d 34); *Jackson* v. *Crutchfield*, 184 *Ga.* 412 (191 S. E. 468); *Rogers* v. *Pitchford*, 181 *Ga.* 845 (184 S. E. 623); *Atlanta Consolidated St. Ry. Co.* v. *Jackson*, 108 *Ga.* 634 (34 S. E. 184).

It is alleged that the plaintiff is the owner in fee of the described land through which the defendant railroad's easement ran. She was therefore alleged to be the owner of the underlying or servient estate, over which the railroad company held an easement to construct and run its railroad, and it was unnecessary for her to show her possession of the land in question. Code § 105-1404.

The only complaint made of the railroad company is that it "entered into an agreement with Georgia Power Company to allow the power company to use said easement for the purpose of erecting high-tension electric lines," and that it also granted permission to the telegraph company and to the telephone company to run their communication lines along the railroad's right-of-way. But if, as alleged, there has been damage to the plaintiff's fee underlying the right-of-way, or to her adjoining property, not contemplated within the purport and meaning of the right-of-way deed attached to the plaintiff's petition, the taking or damaging of her property for public purposes is compensable under Code (Ann.) § 2-301. *Georgia Power Co.* v. *Kelly*, 182 *Ga.* 33 (184 S. E. 861).

The defendant power, telephone, and telegraph companies all have the power of eminent domain (Code §§ 36-801, 104-205), and could have exercised that power to acquire the right to erect their lines upon the railroad's right-of-way. That they chose to acquire by contract such right, as against the railroad, does not render the railroad company liable for their alleged failure also to compensate the plaintiff for the taking or damaging of her

property by their erection of power and communication lines on the railroad's right-of-way. The amended petition does not set out a cause of action against the railroad company, and the court properly sustained the railroad company's general demurrer.

■ The rulings of the court sustaining Western Union's motion to quash service and Southern Bell's motion to strike itself as a party defendant were not excepted to by the plaintiff in error, and she thereby acquiesced in the correctness of these rulings, to the effect that the court was without jurisdiction of these defendants, who were not served with the original petition, nor with process, and that these defendants could not be added as parties to the suit by amendment. These rulings, unexcepted to, served to dismiss the suit as to the defendant telephone and telegraph companies.

■ In the original petition for injunction, it was alleged that Georgia Power Company was preparing to erect a power line and had placed poles and wires upon the railroad's right-of-way for this purpose, and it was alleged that the damages would be irreparable, but it was not shown that any damage had then occurred. On November 4, 1952, the court dissolved the temporary restraining order of October 25, 1952, and, in her amendment filed December 6, 1952, the plaintiff alleged that the power company "has since the filing of this suit erected and is maintaining" its power line on the railroad right-of-way, thereby damaging the plaintiff's property in the sum of $10,000.

It is contended by the power company that, because the plaintiff sought in her amendment to recover damages sustained after the filing of the original suit, the amendment was an attempt to add a new cause of action. But this contention is without merit, under the circumstances of the present case. "An amendment which is not otherwise objectionable is not to be disallowed merely because it may change the petition from a suit in equity to an action at law for damages." *Harrell* v. *Parker*, 186 *Ga.* 760 (3) (198 S. E. 776). Where an equitable petition is filed, damages may be recovered, in a proper case, under the prayer for general relief. *Ivey* v. *Georgia Southern & Fla. Ry. Co.*, 84 *Ga.* 536 (11 S. E. 128); *Armour & Co.* v. *Block*, 144 *Ga.* 295, 298 (3) (87 S. E. 18). "Under our system of pleading, which allows

a joinder of equitable and legal causes in the same action, a plaintiff may abandon his equitable cause and insist on his purely legal remedy. In such a case, where he elects to recover damages, ordinarily he is limited to the damages flowing from acts committed prior to the suit, and can not by amendment bring into the case occurrences subsequent to the suit as a basis for damages. This general rule is not applicable to a cause of action purely equitable in its nature, where the damages claimed from happenings subsequent to the filing of the petition can not be recovered independently of the original equity in the petition, and which are dependent upon and consequential from such equity. The suitor will not be cast out of a court of equity by conduct of the defendant subsequent to the filing of the suit which renders it impossible to grant the relief originally prayed, but in an appropriate case the court will decree damages resulting from such conduct which can not be recovered independently of the facts pleaded in the original suit." *Everett* v. *Tabor,* 127 *Ga.* 103, 105 (56 S. E. 123). As stated by Justice Bleckley in *Kirtland* v. *Mayor &c. of Macon,* 62 *Ga.* 747, 750 (2): "Injunction ad interim is a part of equity police. It is a device to keep the parties in order, and prevent one from hurting the other whilst their respective rights are under adjudication. There is often a cry for the police when there is no real danger. The equity of a bill is not lost because an injunction is denied, or because it is not applied for before the final hearing. Acts done pendente lite cannot obstruct the court in granting an injunction properly moulded, *or in decreeing other appropriate relief,* in the end. Such acts may be brought into the bill by amendment (Code [1873], sec. 4181 [now Code § 81-107]), and parties will commit them at their peril. A deed made pending the bill may be canceled by the decree, or *compensation in damages may be awarded."* (Emphasis added.) Also see *Burell* v. *Pirkle,* 156 *Ga.* 398 (119 S. E. 529).

The original petition in the present case sought an injunction and general relief against a threatened invasion of the plaintiff's rights as owner of the estate servient to the railroad's right-of-way and of the land adjoining the right-of-way. The court dissolved the temporary restraining order, or injunction ad interim, and it is alleged that the power company then proceeded to erect

its transmission line. It did so at its own peril, and such actions pendente lite, rendering it impossible to grant the relief originally sought, will not operate to deprive the court of jurisdiction. The subject matter of the suit is the invasion of the plaintiff's property rights, and that such invasion has become actual rather than threatened does not change the cause of action. The matters alleged in the amendment were germane to the case originally alleged, and the amendment did not attempt to set out a new cause of action.

The demurrer to the amendment, on the ground that it claimed speculative, conjectural, and remote damages, was not well taken, as against the allegation in the amendment that the erection of the power transmission line by the defendant power company, on the plaintiff's land over which the defendant railroad held a right-of-way and within four feet of the plaintiff's land adjoining the right-of-way, had damaged the plaintiff's property in the sum of $10,000. The court erred in sustaining the demurrers of Georgia Power Company to the amendment.

The amended petition set out a cause of action against the defendant power company for the taking of an additional easement for its power transmission line upon the railroad's right-of-way over the plaintiff's land, and for the damage to the plaintiff's adjoining land, under the following constitutional provision (Code, Ann., § 2-301): "Private property shall not be taken, or damaged, for public purposes, without just and adequate compensation being first paid." It is alleged that the plaintiff owns the land in question and on demurrer this allegation is taken as true. As stated in the first division of this opinion, the railroad company held an easement for a railroad over the plaintiff's land, and it could convey no greater right to the power company than it held. The grant of an easement for railroad purposes does not include an easement for an electric-power transmission line, unconnected with the operation of the railroad. Muncie Electric Light Co. *v.* Joliff, 59 Ind. App. 349 (109 N. E. 433). The petition as amended alleged that the plaintiff's land had been damaged in a certain sum, and, under the law and the alleged facts, the plaintiff was entitled to recover just and adequate compensation for the servitude or easement imposed on her land, in addition to the railroad's right-of-

way already upon it, and for the depreciation in value of her adjoining property, by the erection of the defendant's power transmission line. Crisp *v.* Nantahala Power & Light Co., 201 N. C. 46 (4), 50 (158 S. E. 845); *Donalson* v. *Georgia Power & Light Co.*, 175 *Ga.* 462 (165 S. E. 440) (erection of power lines upon easement for a street); Annotation, 8 A. L. R. 1293 (as to compensation to owner of fee when telegraph or telephone line is erected along railroad right-of-way). The court erred in sustaining the demurrers of Georgia Power Company to the amended petition.

■ The court did not err in dismissing the action as to Atlantic Coast Line Railroad Company, Western Union Telegraph Company, and Southern Bell Telephone & Telegraph Company; but it was error to sustain the demurrers of Georgia Power Company to the amendment and to the petition as amended.

*Judgment affirmed in part and reversed in part. Felton and Quillian, JJ., concur.*