18702. FOUNTAIN *v.* GRANT *et al.*

HEAD, Justice. The petitioner sought to enjoin the foreclosure of a deed to secure debt. His application for interlocutory injunction was denied, and no supersedeas was granted. The judgment denying the interlocutory injunction was affirmed by this court. See *Fountain* v. *Grant,* 209 *Ga.* 508 (74 S. E. 2d 245). Subsequently, and before the call of the case for trial in the superior court, the defendant advertised and sold the property described in the deed to secure debt. The petition was not amended. On motion, the judge of the superior court dismissed the petition upon the ground that the issue as to whether or not an injunction should be granted had become moot. To this judgment the petitioner excepted. *Held:*

1. Generally, where the judgment assigned as error is one denying an interlocutory injunction, this court will not reverse the judgment when it duly appears that no supersedeas was granted, and that after the denial of an interlocutory injunction the defendant has fully performed

all the acts sought to be enjoined. *Thornton* v. *Manchester Investment Co.*, 97 *Ga.* 342 (22 S. E. 987); *Henderson* v. *Hoppe*, 103 *Ga.* 684 (30 S. E. 653); *Bond* v. *Long*, 133 *Ga.* 639 (66 S. E. 778); *Moody* v. *Ga. Ry. &c. Co.*, 139 *Ga.* 102 (76 S. E. 857); *Taylor* v. *Justice*, 168 *Ga.* 482 (148 S. E. 274).; *Major* v. *City of Atlanta*, 198 *Ga.* 303 (31 S. E. 2d 727); *Brockett* v. *Maxwell*, 200 *Ga.* 38 (35 S. E. 2d 906); *Rentz* v. *Moody*, 204 *Ga.* 784 (51 S. E. 2d 838). In principle, the present assignment of error is controlled by the foregoing rulings of this court that the issue sought to be made is moot.

2. The petitioner insists that, since he sought an accounting, his petition should not have been dismissed. The accounting sought was in connection with the application for injunction to determine whether or not the petitioner was in default as to any of the obligations as fixed by the deed to secure debt. This being true, and the property having been sold under the terms of the deed to secure debt, the accounting sought, if granted, would avail the petitioner nothing. Under the allegations of the petition (which had not been amended), there was no relief which could properly be granted to the petitioner when the case was called for trial. "This court will in no case undertake to pass upon questions presented by a bill of exceptions, when it affirmatively appears that, even if the judgment of the court below were reversed, the plaintiff in error would derive no benefit from the adjudication." *Davis* v. *Mayor &c. of Jasper*, 119 *Ga.* 57 (45 S. E. 724); *Bigham* v. *Yundt*, 158 *Ga.* 600 (123 S. E. 870).

3. Whether or not the petitioner, being in a court of equity, could have amended his complaint after the sale of the property so as to attack the legality of the sale and seek to set it aside, is not before this court, since no such amendment was offered. In this connection see *Kirtland* v. *Mayor &c. of Macon*, 62 *Ga.* 747; *Lyons* v. *Planters' Bank*, 86 *Ga.* 485, 487 (12 S. E. 882, 12 L. R. A. 155); *Cook* v. *Georgia Land Co.*, 120 *Ga.* 1068 (48 S. E. 378); *Everett* v. *Tabor*, 127 *Ga.* 103 (56 S. E. 123, 119 Am. St. R. 324); *Becker* v. *Donalson*, 133 *Ga.* 864, 873 (67 S. E. 92); *Burell* v. *Pirkle*, 156 *Ga.* 398 (119 S. E. 529); *Parker* v. *Westview Cemetery Assn.*, 195 *Ga.* 237, 242 (24 S. E. 2d 29); *Tompkins* v. *Atlantic Coast Line R. Co.*, 89 *Ga. App.* 171, 178 (79 S. E. 2d 41). There was no relief that could properly be granted under the prayers of the petition, and it was not error to dismiss it.

*Judgment affirmed. All the Justices concur.*

SUBMITTED SEPTEMBER 14, 1954—DECIDED OCTOBER 11, 1954.

*W. B. Mitchell*, for plaintiff in error.

*Hugh Sosebee, Stephen Schalasny, Kennedy, Kennedy & Seay, Harris, Russell, Weaver & Watkins*, contra.