19587. TOMPKINS *v.* ATLANTIC COAST LINE RAILROAD COMPANY.

Argued January 15, 1957—Decided February 12, 1957.

*J. Neely Peacock, Jr.,* for plaintiff in error.

*Peacock, Perry & Walters, R. B. Langstaff,* contra.

HEAD, Justice. Generally, except in so far as a railroad company may be limited by its grant, its charter, or by statute, the right-of-way acquired by it may be used for any lawful purpose convenient or necessary to the operation of the railroad. 74 C. J. S. 500, § 99; 44 Am. Jur. 338, § 126. There is no statute in Georgia prohibiting a railroad company from building a sidetrack on its right-of-way. The charter powers of the defendant authorize the construction of a sidetrack, and the use of the right-of-way of the defendant for the purposes described in the petition is not limited by its easement.

In *Tompkins* v. *Atlantic Coast Line R. Co.,* 89 *Ga. App.* 171, 176 (79 S. E. 2d 41), the Court of Appeals held that the easement here involved is "an easement known as a railroad right-of-way." Such an easement can not be construed as limiting or restricting the use of the property for main-line purposes only. In *Tift* v. *Atlantic Coast Line R. Co.,* 161 *Ga.* 432, 440 (131 S. E. 46), it was said that a railroad company operating a railroad in this State is authorized and empowered, among other things, "to build and maintain such additional depots, tracks, and terminal facilities as may be necessary" for the business of the company.

In *Louisville & Nashville R. Co.* v. *Maxey,* 139 *Ga.* 541, 543 (77 S. E. 801), it was said that a railroad company has the right to erect on its right-of-way such structures as will facilitate the business of the company and aid it in the receipt and delivery of freight. Counsel for the plaintiff insists that the ruling in that case was based on charter powers. The charter powers of the defendant in the present case (as successor in title) authorize

any lawful act "properly incident and connected with" the operation of a railroad. Ga. L. 1835, p. 187. The case of *Louisville & Nashville R. Co.* v. *Maxey,* supra, can not, therefore, be distinguished on its facts from the present case, and is controlling on the right of the defendant to use its right-of-way for the maintenance of a sidetrack for the receipt and delivery of freight. In this connection see also: *Gaston* v. *Gainesville &c. Ry. Co.,* 120 *Ga.* 516, 519 (4) (48 S. E. 188) ; *Tift* v. *Atlantic Coast Line R. Co.,* supra.

In Western Union Telegraph Co. *v.* Pennsylvania R. Co., 195 U. S. 540 (25 Sup. Ct. 133, 49 L. ed. 312) it was said that a railroad right-of-way is more than the mere right of passage; that it is more than an easement; that it is, in substance, an interest in land "special and exclusive in its nature." The erection of signs by the defendant, indicating that occupancy by it of its right-of-way is exclusive in character, affords no basis for complaint by the plaintiff.

The trial judge properly denied the interlocutory injunction.

*Judgment affirmed. All the Justices concur.*