·SMITH *v.* OATTS.

The General Assembly, after having conferred power upon the authorities of an incorporated town to " regulate or prohibit the running at large in said town of any horses, mules, cattle, hogs, dogs or other animals or fowls, and prescribe penalties therefor," may, by a subsequent amendatory statute, curtail these powers by enacting that " the authorities of said town shall not exercise the powers conferred by this section over or upon the property or live stock of such persons as do not reside within the corporate limits of said town." The act of Sept. 7th, 1891, amending in this respect the charter of Swainsboro, is not unconstitutional.

November 20, 1893.

Trover. Before Judge GAMBLE. Emanuel superior court. April term, 1893.

WARREN & WARREN, for plaintiff.

J. F. HALE and WILLIAMS & SMITH, for defendant.

SIMMONS, Justice.

Smith sued Oatts for the recovery of two hogs, and the case was submitted to the court below upon the following agreed state of facts: Oatts bought the hogs at a sale by the marshal of Swainsboro, Ga., under an ordinance passed by the mayor and council of that town, in pursuance of the powers granted by the charter of the town, authorizing its local authorities to impound hogs, etc., when found running at large on the streets. The plaintiff's hogs were found by the marshal on the

streets, and impounded. The plaintiff refused to pay the impounding fees or charges when called upon, claiming that the town authorities could not enforce the ordinance against his property, under an act of the legislature which amended the charter of the town by providing that the powers granted the town in its original charter, relative to the impounding of hogs, etc., should not be exercised against the live stock of those who do not reside within the corporate limits of the town. The plaintiff did not reside within the corporate limits. The marshal, after advertising the hogs, sold them to Oatts, who refused to deliver them to the plaintiff on demand.

The court below held that the amendment to the charter (Acts 1890–91, vol. 2, p. 733) was unconstitutional, and to this ruling the plaintiff excepted.

The 10th section of the charter declares that the mayor and council " may regulate or prohibit the running at large in said town of any horses, mules, cattle, hogs, dogs or other animals or fowls, and prescribe penalties therefor." (Acts 1887, p. 527.) To this the amendatory act in question added the following : " *Provided*, that the authorities of said town shall not exercise the powers conferred by this section, over or upon the property or live stock of such persons as do not reside within the corporate limits of said town." And it is enacted " that all laws and parts of laws in conflict with this act be and the same are hereby repealed." It was contended that the amendment is void, (1) because it is unreasonable, it being impossible for the town authorities to distinguish between the property of non-residents and that of residents of the town when found at large on the streets, and (2) because it is class legislation, as it discriminates in favor of non-residents.

Whether it be true or not that the amendment and the section amended cannot stand together for these reasons, it does not follow that the amending act itself

is ineffectual. The legislature had the right to curtail
or to take away entirely the power granted in the origi-
nal act; and by adding this proviso and repealing all
laws or parts of laws in conflict therewith, it meant that
the power granted in the section amended should be
exercised only upon the condition stated ·in the proviso.
To hold the amending act void because the power could
not be exercised at all if dependent on this condition,
would be to set aside a later, in order to sustain a former,
expression of the legislative will; and it is well settled
that this cannot be done. As was said by BLECKLEY,
C. J., in *Macon & Birmingham R. Co.* v. *Gibson,* 85 *Ga.*
19, in discussing the effect of an amending act which
was in the form of a proviso : " We see no reason why
an amending act passed by a subsequent legislature, or
at a subsequent session of the same legislature, could
not modify or repeal anything whatsoever in the· act
amended, and in any form the legislature might choose
to adopt. . . . In so far as an act passed by a sub-
sequent legislature, or at a subsequent session of the
same legislature, is inconsistent with a prior act on the
same subject, a repeal of the prior act is effected; and
it seems to us to make no difference that the later act
may in whole or in part consist of a proviso. The rule,
so far as we know, is universal that where there is an
irreconcilable conflict between two statutes, the later of
the two must prevail and the former give way." Here
the legislature, in its final expression on the subject,
says to the authorities of the town, in effect: " You
may continue to regulate or prohibit the running at
large of hogs, etc., if you confine the exercise of this
power to the property of persons residing in the town,
but upon this condition only." Such being the clear
intention of the lawmaking power, the courts cannot
set that intention aside upon the ground that to carry
it into effect would prevent any exercise by the town

authorities of the power which the legislature made dependent on the condition stated. But *non constat* that the local officers could not distinguish between the property of residents and that of non-residents. Doubtless they could in some instances, and in others not. Where they could not, they would simply have to forbear.

Another objection to the amending act was, that " it is repugnant to that clause of the constitution which inhibits any special legislation that contravenes a general law," inasmuch as section 4095 of the code empowers the authorities of any town or city to abate and remove nuisances, and as the running at large of hogs, etc., is a nuisance. The act, however, does not seek to limit the powers granted by this general law, but only such as are granted by another special act; and the power to take up and sell hogs found running at large in the . streets is not granted by the general law.

These being the only objections urged against the validity of the amending act, and no other ground appearing which would require us to hold it invalid, it follows that the court below erred in so holding.

*Judgment reversed.*