BOND *et al.* v. LONG, ordinary.

Where it is conceded in the Supreme Court by counsel for both parties that since the refusal of an interlocutory injunction by the trial judge the party sought to be enjoined has fully performed every act against the doing of which an injunction was prayed, and the order passed by the judge upon his certification of the bill of exceptions did not amount to a supersedeas of his judgment refusing the interlocutory injunction, the writ of error will be dismissed.

Argued November 1,—Decided December 23, 1909.

Petition for injunction.　Before Judge Meadow.　Madison superior court.　September 9, 1909.

*John E. Gordon, John J. Strickland,* and *George C. Thomas,* for plaintiffs.　*Cobb & Erwin* and *Henry C. Tuck,* for defendant.

FISH, C. J.　The only prayers in the petition for an injunction against the ordinary were, that he "be perpetually enjoined from calling an election or appointing managers or doing any act looking to submitting the" act of the General Assembly in question to the

voters of the county; "that a rule nisi issue requiring the ᵔ . .
ordinary . . to show cause . . why the injunction should
not be granted as prayed, and in the meantime that the . .
ordinary . . be restrained from calling an election or appoint-
ing managers or doing any act looking to submitting said act to the
voters" of the county; and that process issue, etc. Upon the in-
terlocutory hearing the injunction was refused. The petitioners
excepted; and when the judge certified the bill of exceptions he
granted an order, "that said bill of exceptions shall act as a super-
sedeas, on the following terms: that the election may be held and
the returns may be made to the ordinary, . . but the ordinary
. . is hereby restrained from consolidating said returns and
from declaring the result of said election until the 30th day of
December, 1909, unless the decision of the Supreme Court should
be made and published before that date, to the effect of authorizing
the declaring of said returns of said election." Subsequently, and
after the bill of exceptions had been certified and filed in the Su-
preme Court, the plaintiffs in error made application to the trial
judge, "that the supersedeas be so modified as to authorize the
election to be held as provided in the act under review, but that the
election returns shall not be canvassed nor the result declared until
authorized by the decision of the Supreme Court in the case." The
application recited that both parties desired such modification.
Upon this application the trial judge granted the following order:
"That the supersedeas heretofore granted in this case be modified
so as to provide as follows: The election provided for under this act
is authorized to be held as provided in said act, but [the] ordinary
is restrained from canvassing the returns of said election and from
declaring the result of any election under said act until authorized
so to do by the decision of the Supreme Court in this case." Upon
the hearing of the case in this court it was admitted by counsel
for both sides that the election had been held in the manner and at
the time designated by the act of the General Assembly in question,
but that the returns had not been canvassed and the result of the
election had not been declared by the ordinary.

As the order passed by the judge did not supersede his judgment
refusing an interlocutory injunction, and as there was no prayer
that the ordinary should be enjoined from canvassing the returns,
nor that he should be enjoined from declaring the result of the elec-

tion, and no prayer for general relief, and ·as every act of the ordinary sought to be enjoined has been fully performed by him, the writ of error must be dismissed.

*Writ.of error dismissed.     All the Justices concur.*