TOLBERT *v.* LONG, ordinary.    BOND *v.* LONG, ordinary.

1. The title of the act approved August 11, 1909 (Acts 1909, p. 214), provided for the repeal of the act establishing the city court of Danielsville, "after the repeal thereof shall have been submitted to the qualified voters of Madison county," etc., and in the body of the act it was declared that "every person in said county who was legally qualified to vote at the last election for Governor and State house officers and all persons who have since become qualified shall be qualified to vote at the election called by this act."   Since the last general election referred to in the special act, and prior to the enactment of the special act, the constitution had been amended by adding new and additional suffrage qualifications.    *Held,* that the electors contemplated in the title of the act were voters constitutionally qualified to vote at the time of the election, and that the qualification of electors prescribed in the body of the act, disregarding the suffrage qualifications of the constitutional amendment, rendered the special act unconstitutional as violating the requirement of the constitution that "No law or ordinance shall pass which refers to more than one subject-matter or contains matter different from what is expressed in the title thereof."

2. Other questions made by the record are controlled by the ruling made in *Tolbert* v. *Long,* this day decided.

MARCH 19, 1910.

Petitions for injunction.    Before Judge Meadow.    Madison superior court.    January 8, 1910.

*John J. Strickland, John E. Gordon,* and *George C. Thomas,* for plaintiffs.   *Cobb & Erwin* and *Henry C. Tuck,* for defendant.

EVANS, P. J.   By an act approved August 17, 1908 (Acts 1908, p. 119) the city court of Danielsville in Madison county was established.    On August 11, 1909 (Acts 1909, p. 214), an act was approved, repealing the act establishing the city court of Danielsville, and abolishing the court, "provided that this act shall not take effect until it has been ratified by a majority of the qualified voters of Madison county voting in an election to be held for that purpose

as hereinafter provided." J. F. L. Bond, in his capacity as solicitor of the court and as a taxpayer, and H. H. Tolbert, as a taxpayer, applied for an injunction to restrain the ordinary from calling the election as provided in the act. The court refused to grant the injunction, and the plaintiffs excepted. No supersedeas was taken, and the election was held; and for that reason the writ of error was dismissed in the Supreme Court. *Bond* v. *Long,* 133 *Ga.* 639 (66 S. E. 778). Before the remittitur of the Supreme Court had been made the judgment of the superior court, the plaintiffs amended their petition, attacking the act of 1909 upon the same grounds as were set forth in the original petition, and praying that the ordinary be enjoined from declaring the result of the election held under the provisions of the act, and that the officers of the city court be enjoined from delivering the papers of the city court to the officers of the superior court.

H. H. Tolbert and others, describing themselves as citizens and taxpayers of the county of Madison, presented to the judge their petition to enjoin the ordinary from declaring the result of the election held under the act of 1909, and to enjoin the officers of the city court from delivering the papers of that court to the officers of the superior court, upon the same grounds alleged in the petition of Bond and others. An order was granted for an interlocutory hearing on the original petition as amended, and the new petition; and at this hearing the ordinary presented as cause against the granting of the injunction demurrers and an answer. After a hearing the court refused to grant an injunction in each case, and separate writs of error were sued out by the plaintiffs in each case.

The plaintiffs in error make the point that the act of 1909 is illegal and void, because in violation of paragraph 8 of section 7 of article 3 of the constitution of Georgia, that "No law or ordinance shall pass which refers to more than one subject-matter or contains matter different from what is expressed in the title thereof." The title of the act approved August 11, 1909, is to repeal the act approved August 17, 1908, "after the repeal thereof shall have been submitted to the qualified voters of Madison county, and after a majority of said qualified voters shall have voted in favor of abolishing said court." The body of the act fixes the qualifications of voters in such election as follows: "every person in said county who was legally qualified to vote in the last election for Governor and

State house officers, and all persons who have since become qualified, shall be qualified to vote at the election called by this act." The constitutional repugnance is alleged to consist in this: that the caption provides for a submission of the repealing act to the voters qualified to vote at the time of the election, whereas the body of the act prescribed as the qualification the voters who voted at the last general election and those subsequently becoming entitled to vote; that the body of the act, in declaring all persons who were qualified to vote in the last general election as eligible to vote in the special election called to determine the adoption of the repealing act, was in total disregard of the amendment to the constitution adopted and promulgated in 1908, adding new and additional suffrage qualifications. We think this point is well taken. The voters entitled to participate in the election, as defined in the caption of the act, are those constitutionally entitled to vote at the time the election is held. The body of the act allows voters who were qualified as electors prior to the constitutional amendment to vote at such election, without regard to whether they may be so entitled under the constitutional amendment. The variance between the caption and the body of the act is so apparent that elaboration is unnecessary.

Other questions made in the record were decided in *Tolbert* v. *Long,* ante.

*Judgment reversed. All the Justices concur, except Fish, C. J., absent.*