25997. HOWARD et al. v. SMITH.

HAWES, Justice. The appeal here is from the judgment and order of the trial court dissolving and revoking a temporary restraining order which had previously been entered and

which restrained the defendant from exercising the power of sale contained in a certain deed to secure debt. The order appealed from was an appealable judgment under the provisions of § 1 (a) 3 of the Appellate Practice Act of 1965 (Ga. L. 1965, p. 18; *Code Ann.* § 6-701 (a) (3)). The appellee has filed a motion in this court to dismiss the appeal on the ground that the question presented thereby is moot because the sale sought to be enjoined has already taken place. He attaches to his motion documentary evidence substantiating his contention as to the fact of the sale. The appellant in response to the motion to dismiss does not deny that the sale has taken place, but asserts that inasmuch as the notice of appeal from the judgment dissolving and revoking the temporary restraining order was timely filed the same acted as a supersedeas under the provisions of § 8 (a) of the Appellate Practice Act (Ga. L. 1965, pp. 18, 22; *Code Ann.* § 6-1002. (a)).

Prior to the passage of the Civil Practice Act, no appeal nor any proceeding for obtaining an appeal could have the effect of establishing or denying an injunction independently of the order of the judge who, on rendering his decision, might, in his discretion, make such order and require such bond as might be necessary to preserve and protect the rights of the parties until the judgment of the Supreme Court could be rendered thereon. *Code* § 55-202. *Prater v. Barge,* 139 Ga. 801 (78 SE 119). It was consistently held under that Code section that the failure of the plaintiff is error or appellant to obtain a protective order specifically providing for a supersedeas would render the case moot where the defendant in error or appellee after the judgment of the trial court was rendered had done all that was sought to be enjoined, and that this court would not undertake to pass upon questions presented by the appeal where, even if the judgment were reversed, appellant would derive no benefit therefrom. *Bond v. Long,* 133 Ga. 639 (66 SE 778); *Fletcher v. Harper,* 135 Ga. 404 (69 SE 562); *Moody v. Ga. R. & Power Co.,* 139 Ga. 102 (76 SE 857); *Carlton v. Seaboard A. L. R.,* 139 Ga. 692 (77 SE 1128); *Veal v. Riner,* 214 Ga. 539 (106 SE2d 26). The Code section above referred to was expressly repealed by § 135 (j) of the Civil Practice Act (Ga. L. 1966, pp. 609, 688; *Code Ann.* § 81A-201 (j)). Section 62 (a) of the latter Act as amended (Ga. L. 1966,

pp. 609, 664; Ga. L. 1967, pp. 226, 239, 240; *Code Ann.* § 81A-162 (a)) provides in part that, "Unless otherwise ordered by the court, an interlocutory or final judgment in an action for an injunction . . . shall not be stayed during the period after its entry and until an appeal is taken or during the pendency of an appeal. The provisions of subdivision (c) of this section govern the suspending, modifying, restoring, or granting of an injunction during the pendency of an appeal." Subsection (c) of § 62 of the Act above referred to provides: "When an appeal is taken from an interlocutory or final judgment granting, dissolving, or denying an injunction, the court in its discretion may suspend, modify, restore, or grant an injunction during the pendency of the appeal upon such terms as to bond or otherwise as it considers proper for the security of the rights of the adverse party." It is clear from the foregoing language that it was the intention of the legislature in enacting these provisions of the Civil Practice Act to exempt injunction cases from the automatic supersedeas provisions of § 8 of the Appellate Practice Act of 1965 anud that no appeal from an order denying an injunction should have the effect of establishing an injunction independently of an order of the court entered pursuant to the provisions of subsection (c) of § 62. The burden rests upon the appellant to obtain such order as will protect his rights and preserve the status quo during the pendency of the appeal.

It is true that the provisions of this section (that is, § 62 (c)) of the Civil Practice Act seem to be in conflict with the provisions of § 8 (a) of the Appellate Practice Act, but the Civil Practice Act, being the latest expression of the legislative will on the subject, if in conflict, must control over the provisions of the Appellate Practice Act. *Macon & B. R. Co. v. Gibson,* 85 Ga. 1, 20 (11 SE 442, 21 ASR 135); *Smith v. Oatts,* 92 Ga. 692, 694 (18 SE 1007); *Kitchens v. State,* 116 Ga. 847, 848 (43 SE 256).

In this case the plaintiffs sought to enjoin the defendant from exercising the power of sale contained in a deed to secure debt. In the absence of this proceeding, or some other similar proceeding, the defendant was free to exercise such power of sale. The trial court passed an ex parte order temporarily restraining the defendant from exercising that power and upon hearing the matter pursuant to the show cause pro-

visions of that order determined in the exercise of its discretion that such order should not be continued and thereupon passed the order appealed from dissolving and revoking the previous restraining order, thus leaving the defendant free to pursue his remedy under the deed to secure debt. As we have demonstrated, the filing of the notice of appeal without more could not have the effect of granting another restraining order or injunction, and it appearing that the appellee has sold the property under the power of sale contained in the deed to secure debt at a time when no judicial restraint barred such action the thing sought to be enjoined has been done and the appeal has thereby been rendered moot.

We are not called upon to pass on the question of whether or not the plaintiff might, by amending his complaint or filing a supplemental pleading under the provisions of § 15 (d) of the Civil Practice Act (*Code Ann.* § 81A-115 (d)), attack the legality of the sale and seek to set it aside or to recover damages from the defendant. See *Major v. City of Atlanta,* 198 Ga. 303 (4) (31 SE2d 727); *Fountain v. Grant,* 211 Ga. 62 (3) (84 SE2d 61).

*Appeal dismissed. All the Justices concur.*

SUBMITTED SEPTEMBER 15, 1970—DECIDED NOVEMBER 5, 1970.

*Norton, Cooper & Deal, J. Nathan Deal,* for appellants.
*Boling & Neville, Leon Boling,* for appellee.