### 27506. DAVIS v. CREATIVE LAND DEVELOPMENT CORPORATION et al.

GUNTER, Justice. The appellant-plaintiff brought an action below against the appellees-defendants seeking to enjoin them from disposing of real estate owned by the corporate appellee.

The trial judge entered a temporary restraining order and set a hearing in the matter. After the evidentiary

hearing the trial judge entered a judgment vacating the restraining order and denying an interlocutory injunction sought by the appellant. The appeal here is from that judgment.

The appellees have filed a motion in this Court to dismiss the appeal and attached thereto is evidence that the corporate appellee disposed of the real estate in question by warranty deed on July 18, 1972, which was subsequent to the judgment appealed from, that judgment having been entered in the trial court on July 13, 1972. The contention of the appellees in the motion to dismiss is that the appeal is now moot, because the action below sought to enjoin the conveyance of the real estate in question, and that real estate was actually conveyed away on July 18, 1972.

The judgment appealed from plainly refused to enjoin the appellees from disposing of the subject property. After this refusal by the trial judge, the corporate appellee conveyed away the subject property by warranty deed.

Section 62 of the Civil Practice Act (Code Ann. § 81A-162; Ga. L. 1972, pp. 689, 697) provides as follows: "Unless otherwise ordered by the Court, an interlocutory or final judgment in an action for an injunction or in a receivership action shall not be stayed during the period after its entry and until an appeal is taken or during the pendency of an appeal."

Therefore, upon the trial court denying the interlocutory injunction sought by the appellant, it was incumbent upon the appellant to secure an order from the trial court maintaining the status quo pending the appeal. Since the appellant did not do so, the corporate appellee could convey the subject property pending the appeal, thus rendering the appeal moot. That is exactly what was done in this case.

In *Howard v. Smith,* 226 Ga. 850 (178 SE2d 159), this court held as follows: "It is clear from the foregoing language that it was the intention of the legislature in

enacting these provisions of the Civil Practice Act to exempt injunction cases from the automatic supersedeas provisions of § 8 of the Appellate Practice Act of 1965 and that no appeal from an order denying an injunction should have the effect of establishing an injunction independently of an order of the court entered pursuant to the provisions of subsection (c) of § 62. The burden rests upon the appellant to obtain such order as will protect his rights and preserve the status quo during the pendency of the appeal."

It is clear in the case at bar that when the corporate appellee conveyed the subject land there was no judicial restraint by injunction or otherwise preventing such conveyance.

The activity of the appellees sought to be enjoined by the appellant was denied by the trial judge, no order enjoining that activity pending appeal was requested or entered, and that activity, the conveyance of the land, has been accomplished pending the appeal. The appeal has thereby been rendered moot.

*Appeal dismissed. All the Justices concur.*

ARGUED OCTOBER 10, 1972—DECIDED JANUARY 5, 1973.

*Kleiner, Herman, Deville & Simmons, Joel M. Merren, Jack Kleiner, Steven E. Marcus,* for appellants.

*Herbert Johnson, William L. Moore,* for appellees.