## 28305. ESSUON v. RAYNOR.

INGRAM, Justice. The appellant filed a complaint in DeKalb Superior Court seeking injunctive relief to prevent the appellee from selling certain improved realty, alleged to be described in Exhibit "A" attached to the complaint, which the complainant claimed was subject to a contract of sale between the parties, a copy of which was also attached to the complaint.

The contract contains the following description of the subject property: ". . . all that tract of land and improvements thereon known as 344 Wilkerson Drive, S. E., Atlanta, Georgia (a complete legal description is to be attached hereto and become a part of this contract)."

The complaint was amended in several particulars and also by adding two prayers for relief: "That defendant be directed to execute and deliver to plaintiff, Lot 179 of the 15th District of DeKalb County, Georgia, generally known as 344 Wilkerson Drive, S. E., Atlanta, Georgia"; and, "That defendant pay $2,040 damages for withholding the same."

The appellant also filed a notice of lis pendens with the Clerk of DeKalb Superior Court relating to the complaint. The appellee filed defensive pleadings in the trial court, including a motion to strike and dismiss the lis pendens notice and a motion to dismiss the appellant's complaint as amended for failure to state a claim upon which relief could be granted. The trial court, after conducting a hearing, entered an order, making findings of fact and holding the description of the property in the contract was legally insufficient. The order granted appellee's motions to dismiss the lis pendens notice and to dismiss the appellant's amended complaint from which order this appeal was taken.

1. A motion to dismiss the appeal has been filed by the appellee on the grounds that the subject property was transferred by an appellee to a third party subsequent to the filing of the notice of appeal, and, there being no supersedeas, the issues in this case have become moot. The appellee's motion to dismiss the appeal is denied for the reasons hereinafter stated. The issues of injunctive relief, specific performance and notice of lis pendens

are, however, moot. *Davis v. Creative Land Development Corp.,* 230 Ga. 47 (195 SE2d 411).

2. The contract description gives a sufficient key to the identity of the property, and its exact dimensions may be supplied by extrinsic proof. See *King v. Brice,* 145 Ga. 65 (1a) (88 SE 960). See also *Massell Realty Co. v. Hanbury,* 165 Ga. 534 (141 SE 653). And cp. *Callaway v. White,* 222 Ga. 371 (149 SE2d 689), where specific performance was sought of a written contract of sale, and it was held that the description was too indefinite because it gave only a street number, with no indication of the city or state. The contract in the present case makes it clear this property is located at 344 Wilkerson Drive, S. E., Atlanta, Georgia. The fact that it fails to state whether the property is located in Fulton or DeKalb County is not a fatal omission that would deprive the complainant of an opportunity to prove the allegations of the amended complaint by extrinsic evidence. Since the property has now been sold to a third party, the equitable relief sought by complainant is not available. However, the amended complaint does set forth a claim for damages and it should not have been dismissed.

The judgment of the trial court is affirmed with respect to the issues of injunctive relief, specific performance and notice of lis pendens, and reversed in dismissing the amended complaint for damages.

*Judgment affirmed in part; reversed in part. All the Justices concur.*

ARGUED OCTOBER 10, 1973 — DECIDED OCTOBER 25, 1973.

*Spaulding, Lasonde & Associates, Ben Spaulding,* for appellant. *Manning, Read & Richardson, Charles Read, Jr.,* for appellee.

