28502. BEVERS et al. v. SPILLANE et al.

NICHOLS, Justice. This appeal arises from a judgment overruling the defendants' motion denominated as a motion for summary judgment in an action for specific performance of contract for the sale of real estate or in the alternative for damages as a result of the alleged breach of the contract. The difficulty arose after the tract of land thought to contain approximately 270 acres was surveyed and it was discovered that it contained only 220.35 acres. The prospective purchaser sought specific performance at a reduced price based upon the formula of sales price divided by 270, multiplied by 220.35. *Held:*

1. Inasmuch as only the pleadings and exhibits were before the trial court it was in reality a motion for judgment on the pleadings and will be treated accordingly. The averments of the defendants' answer must be considered as denied. Compare *General Motors Acceptance Corp. v. Jackson,* 119 Ga. App. 221 (166 SE2d 739).

2. "If, in a contract for the sale of real estate, the initial payment of the purchase money is contingent upon an event which may or may not happen, at the pleasure of the buyer, the contract lacks mutuality. This deficiency as to mutuality is not remedied by a subsequent offer by the seller to perform an act which he

is not bound in the contract to perform." *F. & C. Investment Co. v. Jones,* 210 Ga. 635, 636 (81 SE2d 828).

The contract provided for earnest money in the amount of $1,000 to be paid to the sellers which payment was acknowledged in the contract and then provided "in event purchaser fails to consummate sale, earnest money to be returned."

Under this contract the purchasers were not bound to buy for the contract expressly provided that their earnest money would be refunded if for any reason they did not complete this transaction. "Where one agrees to sell land to another at a given price, and that he will make a deed when . . . [a certain event occurs] . . . and where the other person does not agree to buy or to pay the consideration named, and there are no mutual obligations, and no other consideration appears, the contract is unilateral and does not bind the owner of the land, and he may withdraw from it or repudiate it." *Cooley v. Moss,* 123 Ga. 707 (2) (51 SE 625). See also *City of Atlanta v. DeKalb County,* 196 Ga. 252, 263 (26 SE2d 334).

In this case the purchaser was not obligated to buy. There was no consideration flowing to the seller for what was at most an option contract, nor was there any consideration flowing from the prospective purchasers. Therefore the contract lacked mutuality and could not be enforced in an action for specific performance.

3. The petition alleged the payment of the $1,000 earnest money in accordance with the terms of the contract. The defendants' answer alleged that such amount had been refunded. Thus the petition and the answer made an issue of fact as to this one facet of the case, and under notice pleadings such issue was not removed from the case by the defendants' motion for judgment on the pleadings. Accordingly for this reason the trial court did not err in overruling the defendants' motion for summary judgment. *Essuon v. Raynor,* 231 Ga. 297 (201 SE2d 416).

*Judgment affirmed. All the Justices concur, except Ingram, J., who concurs in the judgment only.*

SUBMITTED DECEMBER 14, 1973 — DECIDED JANUARY 7, 1974.

*Warren Akin,* for appellants.

*J. R. Cullens, Neely, Freeman & Hawkins, William E. Cetti,* for appellees.