## 28707. BLACKSHEAR v. BLACKSHEAR.

HALL, Justice.

Mrs. Blackshear appeals from a judgment and decree of divorce and from certain additional orders of the court below.

Mrs. Blackshear petitioned for divorce, attaching by amendment an agreement arrived at by the parties providing for alimony, child support, and a division of property. Dr. Blackshear, defendant in the divorce proceeding and appellee here, counterclaimed for divorce. After a hearing, of which there is no transcript in the record before us, the final decree was entered September 14 granting a divorce to Dr. Blackshear and incorporating the agreement. Subsequently, an order was filed September 19, 1973, reciting that the September 14 order was in error in stating that the divorce was awarded to Dr. Blackshear. The September 19 order vacated the earlier order, granted a divorce to both parties,[1] and incorporated the agreement.

---

[1] Though this judgment, granting a divorce to both parties, would seem to conflict with that line of cases exemplified by *Perlotte v. Perlotte,* 218 Ga. 27, 28 (126 SE2d 220), wherein, as here, both parties charged cruel treatment, nonetheless neither party here assigns error on this ground. Mrs. Blackshear's contention in her second enumeration is merely that divorce may not be granted by default, and she takes the position that her alleged failure to appear when the final decree was entered constituted a default upon which a divorce could not have been entered for her. Because the effect of the judgment is merely to grant a divorce between the parties and to impose no disabilities on either, any error in its form would be harmless.

Apparently, Mrs. Blackshear, though she had sought the divorce, then attempted to repudiate both the divorce decree and the agreement. On September 24, 1973, at a hearing of which the record contains no transcript, Mrs. Blackshear's motion to vacate the final decree was heard and denied. She then filed on October 12, 1973 a motion for new trial, and also filed a second motion to vacate. The new trial motion and second motion to vacate were heard upon argument of counsel only, on November 15, 1973, and were denied. The record contains a transcript of that proceeding. Prior to that hearing, Dr. Blackshear had moved to require Mrs. Blackshear to comply with certain property-sale requirements of the agreement incorporated in the final decree, and had been met by her contention that as he was not current with his alimony obligations imposed by the agreement he could not in equity compel her compliance with the same agreement. After a hearing, of which this record contains no transcript, the court below ordered Mrs. Blackshear to execute a deed of conveyance to certain farm land in accordance with the agreement, and also at the same hearing ordered Mrs. Blackshear to post a supersedeas bond of $124,000 pending her appeal to this court. The bond was not posted and the property was sold on February 1, 1974.

Mrs. Blackshear raises seven enumerations of error, discussed in the seven divisions below.

1. The allegation of error in entering the judgment and decree of September 14, 1973 is moot, because the judgment was later vacated by the September 19 order.

2. The allegation of error in entering the judgment and decree of September 19 will be considered under the authority of Code Ann. § 6-809 (d), despite the fact that the notice of appeal appealed only from the judgment and decree of September 14. However, the record contains no transcript of the hearing on the basis of which either divorce decree was granted, and for that reason this court is unable to determine the validity of Mrs. Blackshear's objection, which is that she did not appear in the proceedings and therefore the court below erred in granting a divorce to both parties rather than to Dr.

Blackshear alone. As appellant, Mrs. Blackshear has the burden of showing error below, Code Ann. § 6-805 (c) (Ga. L. 1965, pp. 18, 24), and where she has failed to provide a transcript from which the existence of such error may be determined, this court has nothing to review. *Faucette v. Faucette,* 228 Ga. 201 (1) (184 SE2d 586); *Cowart v. Cowart,* 223 Ga. 487 (1) (156 SE2d 94); *Webb v. Jones,* 221 Ga. 754 (4) (146 SE2d 910).

3. Mrs. Blackshear's motion to vacate the decree asserted mainly that the property agreement was unfair, and that at the time of execution she had been mistaken about the extent of her husband's assets. For lack of a transcript of the hearing, this court has nothing before it to review. See authorities, supra.

4. Enumeration 4 alleges error in the superior court's denial of her new trial motion. The November 15th hearing on this motion was reported and appears in the record. Mrs. Blackshear's two-fold contention is that the settlement agreement is void because it called for the sale of some of her property with proceeds to go to the payment of Dr. Blackshear's debts, which, she alleges, forces her in effect to pay herself alimony; and that the agreement was void for the reasons asserted in the initial motion to vacate. Without deciding the factual question of the origin and ownership of the property to be sold under the agreement or of the debts to be paid, we decide the first point against her because even if the agreement had the effect that she claims, she has pointed to no authority under which the agreement would for that reason be void, and this court knows of no such rule of law or equity. The second point is also decided against her because it was raised in and heard on the prior motion to vacate, the denial of which we have held in Division 3 hereof not to be error. The hearing of November 15th was merely the argument of counsel and did not include the presentation of evidence. For the reasons stated in Division 3, the denial of the new trial motion made on this second ground cannot on this record be determined to be error.

5. Mrs. Blackshear's allegation of error in the superior court's denial during the November 15th hearing of her second motion to vacate may not be raised

here, because the transcript affirmatively shows her attorney's acquiescence in and agreement to the judge's decision that the motion had been raised and decided once before and would not be heard again.

6. Enumeration 6 urges that the superior court erred in its order of December 19, 1973, filed December 20, ordering Mrs. Blackshear to execute a deed of conveyance and supersedeas bond. Mrs. Blackshear failed to post the supersedeas bond, and the record does not show that she contended below that it was excessive. She has therefore failed to preserve the status quo pending appeal, and the appeal on this point is moot because the property has been sold. See *Askren v. Shelters, Inc.*, 232 Ga. 135; *Davis v. Creative Land Development Corp.*, 230 Ga. 47, 48 (195 SE2d 411); *Howard v. Smith*, 226 Ga. 850, 853 (178 SE2d 159).

7. Enumeration 7, being a recapitulation of Enumerations 1 through 6, presents nothing additional for review.

Dr. Blackshear's motion to dismiss is denied. Mrs. Blackshear having failed to show any error in the judgment of the court below, the same will be affirmed.

*Judgment affirmed. All the Justices concur, except Ingram, J., who dissents.*

ARGUED MARCH 11, 1974 — DECIDED MAY 7, 1974 — REHEARING DENIED MAY 28, 1974.

*Harrison & Garner, G. Hughel Harrison,* for appellant.

*Kenyon, Hulsey & Oliver, Julius Hulsey,* for appellee.

ON DENIAL OF MOTION FOR REHEARING.

INGRAM, Justice, dissenting.

Appellant's motion insists that the validity of the divorce decree here involved was properly challenged in the original appeal. This issue was obscured by appellant's failure to provide a transcript of the evidence considered by the trial court, and, as noted in Division 2 of the original opinion written by Justice Hall for the court, the enumerated errors which were dependent upon a review of the evidence failed to present any question

for decision on appeal.

It is now argued that, despite the absence of a transcript of the evidence, the record discloses the trial court erred in granting a divorce to both parties in the last decree and that this court ought to consider this enumerated error of inconsistency in the last decree entered September 19, 1973. A careful re-examination of the record convinces me that appellant did raise this issue on appeal and that the grant of a divorce to both parties was inconsistent and erroneous under Code § 30-109 and cases cited thereunder, including *Perlotte v. Perlotte*, 218 Ga. 27, 28 (126 SE2d 220).

I would, therefore, grant the motion for rehearing and vacate the final judgment entered by the trial court on September 19, 1973, with direction that a new decree be entered by the trial court in the case, consistent with Georgia law, based on the evidence previously considered by the trial court.