56211. TINGLE et al. v. GEORGIA POWER COMPANY.

BIRDSONG, Judge.

This case was orginally filed with the Supreme Court as an equity case involving the alleged denial of an injunction. The Supreme Court transferred the case to

this court for disposition.

The facts relevant to the case show that Georgia Power Co. is in the process of building Plant Scherer power station and separated therefrom, as a distinct project, it is building O'Hara Substation. These projects are in different counties. It is the intent and desire of the power company to utilize the O'Hara Substation as a transfer point for power generated at Plant Scherer to other points within its network. The power company, however, showed that the two projects are separate and distinct and are being completed independently of each other. In order to transmit power from Plant Scherer to other points within its power distribution system through O'Hara Substation, the power company sought to purchase an easement through the land of the appellants, Mr. and Mrs. Tingle, for the purpose of constructing a connecting power line. When no agreement could be negotiated, the power company utilized its condemnation power. Suit for condemnation was filed in Clayton County, the county in which the land lay. The Tingles moved for an injunction denying the power company access to their land. The trial court denied the injunction and the power company surveyed the land. After the survey but before condemnation was completed, the Tingles filed a second motion alleging that the power company had not complied with provisions of the National Environmental Policy Act of 1969 (U. S. Code Ann. §§ 4321, 4332), and sought by a second injunction to restrain the power company from proceeding further with the construction of Plant Scherer or O'Hara Substation because of its failure to comply with federal laws requiring an environmental impact study. The power company moved to dismiss the motion filed by the Tingles as being without the jurisdiction and venue of the Superior Court of Clayton County inasmuch as the second motion for an injunction constituted a new equitable action which must be brought in the county wherein the defendant power company resides, i.e., Fulton County. The trial court granted the motion to dismiss the injunction for lack of jurisdiction and venue. After the motion was dismissed, no supersedeas was taken by the Tingles. The power company amended its complaint and

obtained the appointment of a master. The master held an adversary hearing and entered an award. Appellants excepted to the award, and following an adversary hearing before the trial court in Clayton County, the trial court overruled the exceptions and entered a final judgment as to the condemnation. The appellants seek the review of the dismissal of their second motion for injunction, enumerating five alleged errors. *Held:*

1. Four of the five enumerations deal with the grant of the power company's motion to dismiss for lack of jurisdiction and venue. We find that appellants are caught upon the proverbial horns of dilemma. Appellants argue that in view of the provisions of Ga. L. 1968, pp. 1104, 1109 (Code Ann. § 81A-181) and Ga. L. 1968, pp. 1104, 1108 (Code Ann. § 81A-118 (a)), they had the right to assert as many claims, legal or equitable, as they might have against the opposing party. Thus, they argue that they had the right to assert the defense in Clayton County, where the original condemnation was filed by the power company, that the attempt to connect Plant Scherer and O'Hara Substation by power lines over their property was the direct product of an illegal act by the power company, i.e., the connection of disparate projects being constructed in violation of federal law. The power company, on the other hand, successfully argued before the trial court that the condemnation related solely to the erection of a power line and had nothing at all to do with Plant Scherer or O'Hara Substation. The law has long been that all petitions for equitable relief shall be filed in the county of the residence of one of the defendants against whom substantial relief is prayed, except in cases of injunction to stay pending proceedings, when the petition may be filed in the county where the proceedings shall be pending, provided no relief is prayed as to matters not included in such litigation. Ga. L. 1962, p. 659 (Code Ann. § 3-202). It is the position of the power company that because the restraint of further construction of Plant Scherer and O'Hara Substation is not related to the erection of power lines over the property of the Tingles, that suit perforce had to be brought in Fulton County, the county of domicile of the power company. Art. VI, Sec. XIV, Par. III, 1976 Constitution of the State of Georgia

(Code Ann. § 2-4303). On this basis, the trial court dismissed the motion for injunction for lack of jurisdiction and venue. See *Bailey v. Williams,* 214 Ga. 702 (107 SE2d 209); *Willie v. Willie,* 154 Ga. 688, 691 (115 SE 257); *Crawley v. Barge,* 132 Ga. 96 (63 SE 819).

It is the further argument by the power company that if the trial court erroneously dismissed the motion as not being within its jurisdiction and venue, then this court should dismiss the appeal for mootness since that which the injunction sought to restrain (i.e., the condemnation) has been accomplished and judgment entered thereon. See *Davis v. Creative Land Dev. Corp.,* 230 Ga. 47 (195 SE2d 411); *Howard v. Smith,* 226 Ga. 850 (178 SE2d 159); *Taylor v. Noland,* 220 Ga. 620 (140 SE2d 856); *Story v. City of Macon,* 203 Ga. 105 (45 SE2d 196).

For purposes of this decision, we will accept appellants' argument that the Civil Practice Act is broad enough to encompass as a valid defense to the condemnation action, the ground that the proposed power lines are an extension of Plant Scherer or O'Hara Substation so as to confer jurisdiction on the Clayton County court. We do not pass upon the merits of the proposed injunction, because the resolution of that matter is not within our jurisdiction. But we are satisfied that the motion for an injunction to restrain the condemnation is now moot inasmuch as the condemnation has proceeded to judgment. In such circumstances, this court does have jurisdiction. *Copeland v. Young,* 232 Ga. 43 (205 SE2d 193). The issue having been rendered moot, the appeal will be dismissed. *Davis v. Creative Land Dev. Corp.,* supra.

2. In enumeration No. 2, appellants urge that the trial court erred in not rendering appropriate findings of fact or conclusions of law. Ga. L. 1970, pp. 170, 171 (Code Ann. § 81A-152 (a)) provides that in granting or refusing interlocutory injunctions the court shall set forth the findings of fact and conclusions of law which constitute the grounds of its action. Appellants misconceive the language of this statute. In this case, the trial court did not grant or refuse the motion for an interlocutory injunction. The court simply dismissed the motion for lack of jurisdiction. Findings of fact and conclusions of law are

unnecessary on decisions on motions under Code Ann. § 81A-112 or any other motion except as provided in § 81A-141 (b). Under the facts of this case, the trial court was not required to enter findings of fact or conclusions of law. *Walker v. Walker,* 238 Ga. 273, 274 (1) (232 SE2d 554); *Rowland v. Kellos,* 236 Ga. 799 (5) (225 SE2d 302).

*Appeal dismissed. Bell, C. J., and Shulman, J., concur.*

ARGUED JUNE 27, 1978 — DECIDED SEPTEMBER 11, 1978 — REHEARING DENIED OCTOBER 30, 1978.

*McAllister & Roberts, J. Dunham McAllister,* for appellants.

*Jones, Cork, Miller & Benton, Wallace Miller, Jr., Hutcheson & Kilpatrick, Lee Hutcheson,* for appellee.