### 37520. BELLER & GOULD v. LISENBY et al.

JORDAN, Chief Justice.

On the second appearance of this case in this court, appellant appeals the dismissal of its suit following an adverse jury verdict for the specific performance of an option contract to sell land. Appellant's previous appeal followed the direction of a verdict against appellant at the close of the presentation of its evidence. See *Beller & Gould v. Lisenby,* 246 Ga. 15 (268 SE2d 611) (1980).

In the first appearance of this case, this court held that the letter of intent containing the agreement of the parties satisfied the requirements for the remedy of specific performance sufficiently to overcome a directed verdict. (See *Beller & Gould,* supra, for a detailed statement of facts.) We went on to say in the conclusion of that opinion that "[w]e do not by anything said in this opinion find that the various keys set out in the agreement were legally sufficient without reference to extrinsic evidence as to the property description, purchase price, and balance due to demand a verdict in favor of [Beller & Gould]." 246 Ga. at 19.

Upon retrial, the trial judge charged the jury that it could consider, among other things, whether there was a valid contract in the first place, whether it was fair and certain, and whether the parties, through their testimony as to their understanding, intended the contract to be binding. The jury found for appellees, and the trial judge dismissed appellant's complaint.

Appellant enumerates twenty alleged errors on appeal. The majority of these concern the trial judge's allowance of testimony concerning the parties' expectations and conceptions of the agreement and the trial judge's charge, mentioned above, allowing the jury to determine the validity of the contract.

Code Ann. § 37-805 provides as follows: "Mere inadequacy of price, though not sufficient to rescind a contract, may justify a court in refusing to decree a specific performance; so also any other fact showing the contract to be unfair, or unjust, or against good conscience."

"A court of equity will not decree specific performance of a contract for the sale of land, where it is not clear that the exact terms of the contract were agreed upon and understood." *Georgia Sou. &c.*

*R. Co. v. Taylor,* 142 Ga. 350 (82 SE 1058) (1914).

The testimony of Mr. Lisenby was to the effect that he did not intend the letter of intent to embrace all the terms of sale to appellant. Both Mr. and Mrs. Lisenby testified that they expected further negotiations to take place.

Appellant challenges the admission of this and other testimony on the basis that parol evidence should have been excluded as the terms of the agreement were unambiguous. In other words, if the certainty of the agreement can be determined by referring to extrinsic evidence solely as to the property description, purchase price and balance due, then the agreement is valid and appellees should not be allowed to testify as to their overall conception of the agreement and negotiation process.

We do not agree. Appellees' testimony bore on the purchase price and balance due. Mr. Lisenby's testimony, in particular, demonstrated that the parties had not come to final terms as far as the payment of the purchase price was concerned. Therefore, both Mr. and Mrs. Lisenby's testimony that they considered the letter of intent as an initiation of the bargaining process was material to a determination by the jury of the very factors we said remained subject to proof by extrinsic evidence. Enumerations of error 4, 5, 6, and 7 are without merit.

This same reasoning applies to the trial judge's charge to the jury that they should determine whether a contract existed in the first place, whether it was certain, fair and supported by consideration. The jury was properly charged and their verdict was supported by sufficient evidence.

The remaining enumerations of error, dealing with the outcome generally and with the admission of an exhibit and certain expert testimony, are found to be without merit. The judgment of the trial court is affirmed.

*Judgment affirmed. Hill, P. J., Marshall, Clarke and Gregory, JJ., concur. Smith, J., not participating.*

DECIDED OCTOBER 8, 1981 —
REHEARING DENIED OCTOBER 27, 1981.

*McCauley, Owen & Sweeney, Timothy J. Sweeney,* for appellant.

*Hansell, Post, Brandon & Dorsey, F. Carlton King, Jr.,* for appellees.