66490. LISENBY et al. v. LINWICK.

POPE, Judge.

Plaintiff/appellee brought this action against defendants/appellants seeking damages for the alleged breach of a contract for the sale of land. Following pretrial discovery, both parties moved for summary judgment, appellee's motion solely on the issue of liability. The parties stipulated that no material question of fact existed on the issue of liability and that such question should be decided by the trial court on motion for summary judgment. Appellants now bring this appeal from the trial court's order granting appellee's motion for summary judgment and denying their motion.

The stipulated facts show that on February 15, 1978 appellants as sellers entered into a contract with appellee as purchaser for the purchase and sale of approximately 61 acres of land in Land Lots 164 and 165 of the 17th District of Fulton County, Georgia. The contract was in the amount of $900,000 and acknowledged the existence of a pending lawsuit against the appellants which had been brought by the partnership of Beller & Gould involving that property. See in this

regard *Beller & Gould v. Lisenby,* 246 Ga. 15 (268 SE2d 611) (1980). Further, in connection with that lawsuit, the contract acknowledged that a lis pendens had been filed.

The contract provided: "It is understood and agreed that as conditions precedent to the Closing and to the obligations of the Seller to sell and Purchaser to purchase the property pursuant hereto, that (a) the prayers in the Lawsuit seeking specific performance shall no longer be pending; and (b) the Seller shall not have been ordered by the court in the Lawsuit to sell the Property to the Plaintiff [Beller & Gould]; and (c) the Lis Pendens shall have been removed. The later of the dates when the Lawsuit is no longer pending and the Lis Pendens is removed is referred to herein as the 'Removal Date.' " The contract provided for closing 90 days after the Removal Date. Appellee as purchaser was given 30 days after the Removal Date within which to examine title and furnish appellants as sellers with a written statement of defects. The contract further provided that if the closing had not occurred on or before two years from its date, it would terminate, with the proviso that termination could be extended an additional six months by appellee. The extension was effectuated and the termination date became August 15, 1980.

A jury verdict was rendered in the Beller & Gould lawsuit in favor of appellants here and that verdict was made the judgment of the court on August 8, 1980. Following the denial of their motions for new trial and judgment n.o.v., Beller & Gould appealed the judgment to the Supreme Court of Georgia on January 26, 1981. See in this regard *Beller & Gould v. Lisenby,* 248 Ga. 353 (283 SE2d 237) (1981). The remittitur was not returned to the trial court until December 10, 1981.

Appellee attempted to close the sale contemplated by the contract between appellants and himself on August 15, 1980. Appellants refused to close on the ground that the contractual conditions precedent cited above had not been met. Appellee brought this suit for damages on March 16, 1982. Appellants sold the subject property on June 15, 1982 to Marchman Sons, Inc. for $1,950,000.

It is clear from the stipulated facts in this case that the recited conditions precedent to closing had not been met by the August 15, 1980 termination date. However, appellee contends that because Beller & Gould did not obtain a supersedeas following the jury verdict and judgment against them in the trial court, appellants here could have transferred the subject property to him at any time following that judgment, thereby mooting the issues set forth as conditions precedent to closing on the contract. This contention has no merit. See *Radio WEBS v. Tele-Media Corp.,* 249 Ga. 598, 604 (292 SE2d

712) (1982). But see *Essuon v. Raynor,* 231 Ga. 297 (1) (201 SE2d 416) (1973).

Moreover, the contract provided that the conditions precedent must have been met before the obligations of *either* the appellants to sell *or* the appellee to buy arose; thus, the conditions precedent were obviously intended for the benefit of both parties to the contract. Since the evidence discloses no waiver of the conditions by the appellants (see generally *Hollister Bros. v. Bluthenthal & Bickart,* 9 Ga. App. 176 (8) (70 SE 970) (1911)), the failure of the conditions to have been met prior to the termination date relieved appellants from any obligation to convey the subject property to appellee. Cf. *Ansley v. Atlanta Suburbia Estates, Ltd.,* 230 Ga. 630 (198 SE2d 319) (1973).

The judgment of the trial court is reversed with direction that summary judgment be entered in favor of appellants.

*Judgment reversed with direction. Quillian, P. J., and Sognier, J., concur.*

DECIDED OCTOBER 13, 1983.

*A. Mitchell Powell, Jr., Charles Van S. Mottola,* for appellants.
*Donald J. Goodman, Emory A. Schwall, Fredric Chaiken,* for appellee.